IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINE STONE,<br>Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON,<br>N.A., f/k/a THE BANK OF NEW YORK<br>TRUST COMPANY, N.A.;<br><br>JPMORGAN CHASE BANK N.A.;<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br><br>PROMMIS SOLUTIONS, LLC;<br><br>LITTON LOAN SERVICING, LP;<br><br>POPULAR FINANCIAL SERVICES,<br>LLC./POPULAR MORTGAGE<br>SERVICING, INC;<br><br>Defendants | FILED IN CLERK'S OFFICE<br>U.S.D.C. Atlanta<br><br>FEB - 8 2011<br><br>JAMES N. HATTEN, CLERK<br>By: [signature] Deputy Clerk<br><br>CIVIL ACTION FILE<br>No. 1:11-cv-00081-RWS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSIVE OBJECTIONS TO REMOVAL &**

**MEMORANDUM OF LAW IN SUPPORT OF REMANDING BACK TO**

**SUPERIOR COURT COBB COUNTY**

COMES NOW, Plaintiff, Christine Stone[1], proceeding *in propria persona*,

---

[1] "Plaintiff" or "Ms. Stone" hereinafter.

and files ***Plaintiff's Responsive Objection to Removal and Memorandum of Law In Support of Remanding Back to Superior Court of Cobb County.***

There are several problems with both, Ms. Atkinson's Removal, and Notice of Removal to this Court. There are also several issues concerning the Docket Report. In the following paragraphs, Plaintiff addresses the issues of why the removal was improper, why this case was not removable, and the problem with the Docket Report.

### *A.  Defendants' Civil Cover Sheet*

Defendants who removed the case at bar to this Court, has made several misrepresentations to this Court. To begin with the Civil Cover Sheet shows the case is a "Truth in Lending" case; that is a fictional statement, and meant to mislead the Court into believing the Court has jurisdiction. The case as filed, is a ***Verified Complaint for Fraud, Damages, Injunctive Relief, Declaratory Relief, and to Set Aside an Unlawful Forelcosure.*** In other words, it is a real property case; a case in which the State of Georgia has Original jurisdiction, and one for which the state of Georgia has a great concern because it deals with foreclosures in this state.

The Docket Report reflects that there is a Motion for Temporary Restraining Order (TRO), and a Motion for Preliminary Injunction (PI). Both of those are

false.  Plaintiff has not filed a Motion for either TRO or PI.

### B. *Appeal in Georgia Court of Appeals*

Another issue which defendants have failed to advise the Court about is that there is an on-going Appeal from State Court of Georgia, in The Georgia Court of Appeals that may directly effect the proceedings in the case that was filed in Superior Court.  Georgia has an interest in the outcomes of their Appeals.

### C. *Troutman Sanders Does Not Represent All Defendants/Lacks Standing to Remove the Case at Bar*

Moreover, Troutman Sanders took it upon themselves to remove the case before all parties bothered to respond to Summons and Complaint.  Prommis Solutions, who is in default in both Superior Court and this Court, had not yet responded, just as Popular Financial Services, LLC/Popular Mortgage Servicing, Inc. to date, has not responded.

Unless and until Troutman Sanders represents all defendants, not all defendants have agreed to a Removal, thereby, Troutman Sanders lacks standing to Remove the case at bar.

## **MEMORANDUM OF LAW**

From what Plaintiff has been able to determine, defendants failed to adhere to 28 U.S.C. §1446(a) when they removed the case to this Court; Plaintiff, viewing the Pacer website, and what was sent to her, failed to find anywhere that "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" was filed in this Court with the Removal.

### *A.   Rooker-Feldman Doctrine*

"The ***Rooker-Feldman Doctrine*** places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." ***Goodman v Sipos***, 259 F.3d 1327, 1332 (11th Cir. 2001).

The Troutman Sanders represented defendants in this matter, failed to alert this Court that there is an on-going State Court Appeal that is "inextricably intertwined" with the case at bar. In ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) the Supreme Court held that lower federal courts may not hear claims actually decided by a state court. Sixty years later in ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Court extended the holding of ***Rooker*** to claims that are "inextricably intertwined" with a state court judgment.

Plaintiff in the case at bar, is not challenging the state laws on constitutional grounds or otherwise; so the exception to the Rooker-Feldman doctrine for general constitutional challenges to state laws fails. As Justice Brennan explained in *Feldman*, constitutional challenges to state statutes or rules are not attacks on state court judgments. *Feldman*, 460 U.S. at 486, 103 S.Ct. 1303. Consequently, § 1257(a) does not bar lower federal courts from hearing general claims that state laws are unconstitutional, even if the requested relief is inextricably intertwined with a state court judgment. In contrast, only the Supreme Court can hear "challenges to state court decisions in particular cases ... even if those challenges allege that the state court's action was unconstitutional." *Id.*

This Court lacks jurisdiction in the matter under the Rooker-Feldman Doctrine.

### B. *Younger Abstention*

In determining whether Younger abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of*

*Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted). ***Middlesex County Ethics Committee v. Garden State Bar Ass'n***, 457 U.S. 423, 432 (1982).

The relief sought in the federal case in which abstention is sought 'need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding' for the doctrine to apply. ***31 Foster Children v. Bush***, 329 F.3d 1255, 1276 (11th Cir. 2003), cert. denied, 540 U.S. 984 (2003). Although Younger abstention usually applies only when the State qua State is involved in the action, a State can have important state interests even when the parties in the state proceedings are exclusively private parties. ***Crown Point I, LLC v. Intermountain Rural Elec. Ass'n***, 319 F.3d 1211, 1215 (10th Cir. 2003) (condemnation action against easement implicates important state interest); ***RPD Long Beach v. Tranter-Hare Inv. Bldg. Corp.***, No. 1:07-cv-00475, 2008 WL 269444, at *4 (S.D. Oh. Jan. 30, 2008) (Younger abstention applies to dispute implicating state law on the validity of easements)." ***Stegeman, et., al., v. Superior Court Stone Mountain Judicial Circuit, et., al.***, No. 1:08-cv-01971-WSD (N.D.Ga. September 26, 2008).

### C.   *Federalism and Comity*

"Federal courts should abstain from exercising their jurisdiction if doing so would disregard the comity between the States and the National Government."

*Wexler v. LePore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (internal quotation marks omitted), cert. denied, 127 S. Ct. 934 (2007); accord *Younger v. Harris*, 401 U.S. 37, 53 (1971). Abstention is predicated on principles of comity and federalism and a "proper respect for the fundamental role of States in our federal system." ***Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.***, 477 U.S. 619, 626 (1986).

While initially only applicable to pending state criminal proceedings, the Younger abstention doctrine also applies to civil proceedings implicating important state interests. See *Id.*; *Wexler*, 385 F.3d at 1339; *Pennzoil*, 481 U.S. 1.

By confining state cases to state appellate systems,... respects the values of federalism implicit in our parallel system of independent state and federal courts, with the United States Supreme Court at the apex of both — a structure established by the first Judiciary Act of 1789 and adhered to ever since. *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144 (10th Cir. 2004)

### D. *Ms. Atkinson/Troutman Sanders Lacks Standing for Removal*

Clearly, when the case was Removed to this Court, not all defendants had responded, or anticipated removing the case to this Court. Ms. Atkinson of Troutman Sanders, and represents four of the six defendants, Removed the case without seeking prior approval of the other defendants. Plaintiff has not seen

where Ms. Atkinson is listed as lead counsel, or any kind of counsel for *all* defendants.

Further, when Ms. Atkinson, whose signature is on the Civil Cover Sheet [Doc.1-2], in order to make the case appear removable, marked that the case is a "Truth in Lending" case, which it clearly is not, it is a wrongful foreclosure case under Georgia real property laws.

Naturally, Prommis Solutions, LLC ("Prommis")[2] is going to go along with the Removal, which they recently as of this date, have filed a response requesting more time to respond to the complaint [Doc.4], because they are in default. In fact, Prommis, tries to slip one past, by adopting "the brief submitted in support of the Motion to Dismiss Plaintiff's Complaint that was filed in this action on January 20, 2011" [Doc.4-2, pp.1], in essence, requesting to join the pleadings of the other defendants, so that they will not be in default.

One minute Prommis is requesting an Extension, due to some lame, unexcusable neglect on their part [Doc.4], the next minute, they are taking for granted that they are relieved of having to file on time, and needlessly insulting the

---

[2] Plaintiff will address Prommis Solutions, LLC's January 26, 2011 Motion to Dismiss, etc., separately, within the time allowed by Federal Rules and/or Local Rules.

Plaintiff ("improper shotgun pleading")[Doc.4-1].

That leaves one defendant who has not responded as yet, and for whom it cannot be assumed Ms. Atkinson had/has permission to speak for.

### E. *The Docket Report*

Plaintiff has several issues concerning the Docket Report *"Exhibit 1"*.

Plaintiff has pointed out to the Court that defendants had failed to include with the documents that they removed to this court, the proofs of service Plaintiff had filed in the state court. This was obviously done on purpose so that there would be no record in this Court that Plaintiff had properly served all defendants, and on what date they were served. The rules clearly cover what is to be included with the documents to be filed in Federal court upon removal.

Docket Entry 2 [Dkt.2], "Motion for Preliminary Injunction, and Motion for Temporary Restraining Order by Christine Stone." Is falsum. Plaintiff's complaint seeks injunctive and declaratory relief, that is true, but there were no motions per se, filed (contained in Complaint).

On January 14, 2011, the Docket reflect "Notification of Docket Correction: Case Assigned to Judge Richard W. Story not Orinda D. Evans and Magistrate Judge C. Christopher Hagy (aar) (Entered: 01/14/2011). Plaintiff received no such Notification. Surely, defendants, who all receive electronically information, but

Plaintiff is denied that privilege, and no such Notification was mailed to her.

***F. Plaintiff Will Address the Troutman Sanders' represented defendants separately from this Plaintiff's Responsive Objection to Removal and Memorandum of Law In Support of Remanding Back to Superior Court of Cobb County.***

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff has shown this Court that Ms. Atkinson, lacking standing to act for all defendants, Removed, and Non-Removable case to this Court.

Plaintiff Prays this Court will Remand this case back to where it belongs for the foregoing reasons shown.

Respectfully submitted this 2nd day of February, 2011

By: _____
CHRISTINE STONE, Pro Se
2604 Canopy Lane
Marietta, GA 30066
(678) 427-2888

## CERTIFICATE OF COMPLIANCE

Plaintiff, Ms. Stone, hereby Certifies that this *Plaintiff's Responsive Objection to Removal and Memorandum of Law In Support of Remanding Back to Superior Court of Cobb County* has been prepared using 14 point, Times New Roman font, in accordance with L.R.5.1,N.D.Ga.

_____
CHRISTINE STONE

## CERTIFICATE OF SERVICE

I hereby Certify that I have this 2nd day of February, 2011, served a true and correct copy of the foregoing *Plaintiff's Responsive Objection to Removal and Memorandum of Law In Support of Remanding Back to Superior Court of Cobb County* upon defendants, through their attorneys on file, by causing to be deposited with USPS, First Class Mail, proper postage affixed and addressed as follows:

| | |
|---|---|
| **Kelly Lane Atkinson** | **John H. Williamson** |
| Troutman Sanders, LLP | Morris Manning & Martin |
| Suite 5200 Bank of America Plaza | 1600 Atlanta Financial Center |
| 600 Peachtree St., N.E. | 3343 Peachtree Rd., N.E. |
| Atlanta, GA 30308-2216 | Atlanta, GA 30326-1044 |

_____
Christine Stone