FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 28 2011

JAMES N. HATTEN, CLERK
By: J. Brannon
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINE STONE,<br>Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, N.A., f/k/a THE BANK OF NEW YORK TRUST COMPANY, N.A.;<br><br>JPMORGAN CHASE BANK N.A.;<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;<br><br>PROMMIS SOLUTIONS, LLC;<br><br>LITTON LOAN SERVICING, LP;<br><br>POPULAR FINANCIAL SERVICES, LLC./POPULAR MORTGAGE SERVICING, INC;<br><br>Defendants | CIVIL ACTION FILE<br>No. 1:11-cv-00081-RWS<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of the Case:**

(a) A Brief description of this case is:

A Superior Court action for unlawful foreclosure of real property.

(b) The facts of this case are summarized below without being argumentative or reciting evidence.

October 2006 Plaintiff entered into a repayment plan with Defendants Popular Financial Services/Popular Mortgage. Popular's May 2008 letter stated "Based on our evaluation, PMSI would be willing to review this loan for settlement payoff", signed by Neil Bender, Popular Mortgage Servicing, Inc., Loan Resolution Specialist. Mr. Bender had actual knowledge that he was fraudulently misleading the Plaintiff, and the she was reliant on the fraudulent misrepresentations; Popular admitted that the program that Plaintiff was to enter into, no longer existed. October 27, 2008, the individuals at Popular that Plaintiff had been working with on the refinance deal, informed Plaintiff that unless there could be a close "by Friday", Plaintiff would have to work with Litton, who had bought and would be servicing, all of Popular's previously held loans. Mr. Bender, claimed Mr. Bender had recommended that management approve the deal, but that they had refused, and the loan would be transferring to Litton "in the next week or two", he would "recommend to them that they approve the deal and get it closed" Litton letter dated February 09, 2009 to Plaintiff, referencing "completed review…request for reduced payoff…compromised settlement", agreed, then refused to honor the agreement. Plaintiff filed several Exhibits with her complaint, Plaintiff has evidence that the documents are forgeries/frauds. Plaintiff requested the original documents 1) in order to have the documents analyzed by a specialist; 2) to show that the documents being used are forgeries; 3) to show that the mortgage and deed have been separated; 4) to prove there is no valid contract between the parties; etc. After having sale under power notices cancelled six times, and being assured that the last time would also be cancelled, Plaintiff learned that the

property had been illegally sold via sale under power. Plaintiff believes that she can show violations of OCGA 16-8-3 (a); O.C.G.A. § 44-2-43; O.C.G.A. § 9-11-17 (a); O.C.G.A § 44-14-162(b); as well as numerous other state statutes concerning real property. Defendants have refused to produce documents that Plaintiff requested concerning a real property loan, in order to determine whether or not any of the defendants are the proper party with standing to perform an unlawful sale under power/ foreclosure. Defendants BNY filed a dispossessory case in State Court, which is currently pending in the Georgia Court of Appeals. Defendants improperly removed the case to this Court, while Georgia has special interests in their real property laws, and in their Appeals. The matter on Appeal, is one which is inextricably intertwined with the State of Georgia, and this case making the case non-removable. Plaintiff further contends that this Court lacks jurisdiction due to Georgia's "exclusive jurisdiction", not concurrent jurisdiction, but exclusive jurisdiction in this matter.

(c) The legal issue to be tried are as follows: Whether or not a defendant can remove a case to Federal Court without following proper procedures, including but not limited to unanimity, failure to transfer all documents, removal not timely filed, etc.

(d) The case(s) listed below are:

(1) Pending Related Cases: Christine Stone v. The Bank of New York, Mellon f/k/a The Bank of New York Trust Company, N.A., alleged successor to JP Morgan Chase Bank, N.A., and alleged trustee for Certificate-holders of Popular ABS, Inc., Mortgage Pass-Through Certificates Series 2005-2 ("BNY"); JPMorgan Chase, Bank, N.A., alleged trustee for Certificate-holders of Popular ABS, Inc.,

3

Mortgage Pass-Through Certificates Series 2005-2 ("JPM"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Litton Loan Servicing, LP ("Litton"); Prommis Solutions, and Popular.  No.  1:11-cv-00081-RWS;  Pending in Goergia Court of Appeals, is Appeal No.: A11A0314.

(2)  This case is not actually complex, this Court lacks jurisdiction.

(3)  Counsel:

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Christine Stone, Pro Se

Defendant: BNY, et., al., Wolliam Loeffler, and Teah N. Glenn

Defendant: Prommis Solutions, LLC: John P McNaughton, John H. Williamson

4. Jurisdiction: Is there any question regarding this Court's jurisdiction? Yes

5. Parties to This Action: Plaintiff is unaware of parties who have not been joined

6. Amendments to the Pleadings; Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instruction regarding amendments are contained in LR15.

(a) Plaintiff anticipates, that should the case be kept in Federal Court, that she will need to Amend his complaint to fulfill requirements by this Court as far as pleading the case; she would also like to amend the pleadings, if kept in this court,

<u>to take advantage of the federal causes of action that are available for the requesting for and granting of relief. Although Plaintiff's complaint brings up RESPA violations, FDCPA violations, and several other violations that are available for granting relief, Plaintiff did not show those as causes of action and ask for relief to be granted due to defendant's having violated those causes</u>

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.     Filing Times for Motions: All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1

(b)     Summary Judgment Motions: within thirty (30) days after the close of discovery unless otherwise permitted by court order. Local Rule 56.1

(c)     *Other Limited Motions.* Refer to Local Rules 7.2A; 7.2B, and 7.2E respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the propoed pretrial order is submitted. Refer to Local Rule 7.2F

8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, stat the party and the basis for the party's objection.

  (b) N/A

9.   Request for Scheduling Conference

Plaintiff does not request a scheduling conference at this time.

10.   Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR26.2A, responses to initiated discovery must be complete before expiration of the assigned discovery period.

The case at bar had been assigned to a four-month discovery track. The Magistrate Judge recently granted defendant's for extension of discovery.

If Plaintiff's case must stay in this Court, the following issues/subjects may need discovery:

Any and all information pertaining to Plaintiff's real property, including but not limited to: competent evidence of the identity of the present holder of the note; any and all information concerning Plaintiff's real property, including but not limited to: competent evidence of the identity of the present holder of the note; any and all information concerning loans; any and all information about any changes to or scrivener's errors and changes to the Security; any and all information concerning any "note" on the Official Record to secure the. Any and all information concerning requested information from. The other discovery related issues will be, about the identity of the Lender, Servicer, Mortgage Holder, will be to establish competent documented evidence of every event, transfer, sale, securitization, servicer change, when each change took place, and the entities involved. Defendant MUST provide the original Promissory Note(s), provide competent admissible evidence a/k/a/ PROOF of any assignments, liens, or any other instrument that proves any claims by any alleged holders in due course; validation of the alleged debt; verification of the correct loan number, etc..

Plaintiff doesn't anticipate the need for additional time, Plaintiff does request the following phases, or limitation, or focus onto particular issues which are address more thoroughly below:

Discovery should be stayed until all dispositive Motions, including Motions to Dismiss, Amendments to the pleadings, have been properly addressed and the matter taken care of. Once there is definiteness that the case will not be remanded, or dismissed, then discovery should be conducted first by the defendant making sure Plaintiff gets all the documents he has been seeking from the defendants for a year. Because of the expense and complications of a Deposition (for a party that is

unrepresented due to the nature and time involved in a deposition), Plaintiff would ask the Court to appoint an attorney to protect him and his rights during depositions, and the length of time for the deposition be greatly reduced from the seven hours allowed by the Rules. Plaintiff would further request that any deposition be conducted on "neutral grounds", usually if a party is represented, the party being deposed is deposed at his own attorney's office and his own attorney is always present to protect the party.

Respectfully submitted this 25th day of February, 2011

By: _____
CHRISTINE STONE, Pro Se
2604 Canopy Lane
Marietta, GA  30066
(678) 427-2888

## SCHEDULING ORDER

Upon review of the information contained in the Joint Prelminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

_____

IT IS SO ORDERED, this _____ day of _____, 2011

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby Certify that I have this 25${}^{th}$ day of February, 2011, served a true and correct copy of the foregoing *Plaintiff's Perliminary Report and Discovery Plan* upon defendants, through their attorneys on file, by causing to be deposited with USPS, First Class Mail, proper postage affixed and addressed as follows:

| | |
|---|---|
| **Kelly Lane Atkinson** | **John H. Williamson** |
| Troutman Sanders, LLP | Morris Manning & Martin |
| Suite 5200 Bank of America Plaza | 1600 Atlanta Financial Center |
| 600 Peachtree St., N.E. | 3343 Peachtree Rd., N.E. |
| Atlanta, GA 30308-2216 | Atlanta, GA 30326-1044 |

_____
Christine Stone