THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR - 7 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| CHRISTINE STONE, <br> **Plaintiff** <br><br> vs. <br><br> **THE BANK OF NEW YORK MELLON, <br> N.A., f/k/a THE BANK OF NEW YORK <br> TRUST COMPANY, N.A.;** <br><br> **JPMORGAN CHASE BANK N.A.;** <br><br> **MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC.;** <br><br> **PROMMIS SOLUTIONS, LLC;** <br><br> **LITTON LOAN SERVICING, LP;** <br><br> **POPULAR FINANCIAL SERVICES, <br> LLC./POPULAR MORTGAGE <br> SERVICING, INC;** <br><br> **Defendants** | **CIVIL ACTION FILE** <br><br> No. 1:11−cv−00081−RWS <br><br> **JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE

COMES NOW, Plaintiff Christine Stone, proceeding *in propria persona*, and pursuant to 28 U.S.C. 144, and 28 U.S.C. 455, files *Brief in Support of Plaintiff's Motion to Recuse*.

"The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. See *Mathews v. Eldridge*, 424 U.S. 319, 344 (1976)... by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."[1]

## BRIEF STATEMENT OF PROCEEDINGS

Plaintiff filed a Verified Complaint to set-aside an unlawful foreclosure in Superior Court Cobb County, Georgia on November 15, 2010 against six defendants, The Bank of New York, Mellon f/k/a The Bank of New York Trust Company, N.A., alleged successor to JP Morgan Chase Bank, N.A., and alleged trustee for Certificate-holders of Popular ABS, Inc., Mortgage Pass-Through Certificates Series 2005-2 ("BNY"); JPMorgan Chase, Bank, N.A ("Chase"), alleged trustee for Certificate-holders of Popular ABS, Inc., Mortgage Pass-Through Certificates Series 2005-2 ("JPM"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Prommis Solutions, LLC ("Prommis"); Litton Loan Servicing, LP ("Litton"); and Popular Financial Services, LLC/Popular Mortgage

---

[1] *Marshall v. Jerrico Inc.*, 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980).

Servicing, Inc ("Popular").

BNY, Chase, MERS, and Litton, retained Troutman Sanders Law Firm for representation, who removed the case to this Court. The date they actually filed a responsive pleading, appears to be uncertain to the Removing defendants; defendants alleged that "the Litton Defendants timely removed the action to this Court on January 13, 2011...that same day...filed their motion to dismiss. [Doc.11,pp.2]. These same Removing defendants, four days later, alleged that they filed a responsive pleading "...on January 20, 2011,...Defendants timely filed a responsive pleading...") [Doc.13,pp.3] On February 18, 2011, they claimed the same day; on February 22, 2011, they claimed to have filed responsive pleadings seven days later than they previously claimed.

The docket report of this Court incorrectly reflects that on January 13, 2011, Plaintiff filed a Motion for Temporary Restraining Order/Preliminary Injunction ("TRO/PI") [Dkt.2]. There was no Motion for TRO/PI filed by Plaintiff in either Superior Court, or this Court.

Further, rather than showing Plaintiff's complaint filed in superior court as an Exhibit to the BNY defendants' Notice of Removal, as is commonly done, BNY defendants and this Court's clerk has the docket reflecting that Plaintiff's complaint is a motion for TRO/PI. This Court's clerk submitted the Removal

documents and complaint to a Judge the following day, January 14, 2011 [Dkt.14]

Oddly, that same day of January 14, 2011, the docket report reflects "Notification of Docket Correction", for which Plaintiff was not notified, and until she consulted the Pacer website later, Plaintiff had no idea of what the correction was to correct.  Apparently, the case had been given from Judge Orinda Evans to Judge William Story, and no one had bothered to inform the Plaintiff; without informing the Plaintiff, she would be doomed to filing the wrong case number, and be at risk of having filed nothing.[2]  January 20, 2011, BNY defendants filed Motion to Dismiss [Doc.3]

The Prommis defendants were not part of the Removal, before, during or after the Removal; and failed to file anything in Superior Court.  On January 26, 2011, Prommis finally got around to requesting an Enlargement of time to respond [Doc.4], along with a Motion to dismiss [Doc.5].  In Prommis' Brief in Support of Motion to Dismiss, they admit to having failed to file in the state court, and gave a meritless excuse for failing to respond until the thirty-ninth (39th) day, thirteen days late.  In Prommis' excuse, they allege that the wrong attorneys had gotten the

---

[2] Plaintiff points out that submission to the Judge, does not say which Judge, or what was submitted, and neither the submission to the judge or the notification of docket correction, both performed the same day of January 14, 2011, has a Docket Entry number [Dkt.#].

complaint, or some ludicrous claim, but the important issue is that because they had no idea of the complaint, they definitely could not have been part of the removal, contrary to claims made by defendants later.

February 08, 2011 the Docket Report reflects "Submission to Judge", but there is no way for Plaintiff to know what it was that was submitted to the Judge. That is the second submission to the judge, on a case that hasn't yet been removed for thirty days, and a submission to the Judge for which Plaintiff has no knowledge of what was submitted, either time.

February 08, 2011 Plaintiff filed Motion to Remand [Doc.7] and Objection to BNY defendants' Motion to Dismiss [Doc.8]

Monday, February 14, 2011, without waiting to see if Plaintiff was filing an Objection to the Enlargement, this Court granted Prommis' Enlargement of time [Doc.9]. The Order granting the enlargement, made no mention whether or not the motion had been opposed.

Tuesday, February 15, 2011 Plaintiff's Objection to the enlargement [Doc.10] was filed. February 18, 2011, BNY defendants filed an Objection to Motion to Remand [Doc.11] in which they attempted to show, since BNY had removed the case without signature and agreement between all defendants served, that Popular Financial/Popular Mortgage are no longer entities that would be

responding to the complaint. Plaintiff has attached evidence contrary to BNY defendants' claim.

February 22, 2011, BNY defendants filed a Reply [Doc.13] to Plaintiff's opposition to the BNY Motion to Dismiss [Doc.8]; Prommis filed Objection to Plaintiff's Motion to Remand [Doc.16]. On February 25, 2011, although the docket report reflects "Motion to Amend" filed by BNY defendants, the document shows it is a "Corrected Memorandum of Law in Opposition to Plaintiff's Motion to Remand" [Doc.17].

Clearly, in the case at bar, Plaintiff's rights have been "materially prejudiced". This Court has allowed an improperly removed, non-removable case, to remain in this Court, with the knowledge that the Court lacks jurisdiction; and has further allowed defendants to make ludicrous allegations, and attempt to perpetrate fraud upon the court to obtain rulings in their favors.

Plaintiff has been treated with bias/prejudice, with a lack of neutrality by the Court to date, while defendants have been allowed to do as they please. Further, the Court lacks jurisdiction in this matter, and continues to allow an improperly removed, non-removable case to carry on in this Court. Plaintiff Moves to Recuse/Disqualify the Judge.

## ARGUMENT AND CITATION OF AUTHORITY

The 11th Circuit Court of Appeals held in ***Chudasama v. Mazda Motor Corp.***, 123 F.3d 1353 (11th Cir. 09/15/1997) that "District courts enjoy broad discretion in deciding how best to manage the cases before them. See, e.g., ***United States v. McCutcheon***, 86 F.3d 187, 190 (11th Cir.1996). This discretion is not unfettered, however. When a litigant's rights are materially prejudiced by the district court's mismanagement of a case, we must redress the abuse of discretion."

### A.   *BNY Defendants Improperly Removed a Non-Removable Case*

The BNY defendants improperly removed this case, and had actual knowledge that it was not removable.  This Court's Clerk submitted the removal documents and complaint to the Judge the following day.  It is necessary for a Judge to determine whether the case was removable, and properly removed, in order to ensure the Court has jurisdiction.

> 28 U.S.C. §1446(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant.

(4) <u>The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand</u>.

(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

The 1th Circuit has held that the removal statute is construed narrowly and that any uncertainties must be resolved in favor of remand. ***Burns v. Windsor Ins. Co.***, 31 F.3d 1092 (11th Cir. 1994). Courts should "strictly construe removal statutes in favor of state court jurisdiction." ***Kuhn v. Brunswick Corp.***, 871 F.Supp. 1444, 1446 (N.D.Ga. 1994). Removal statutes are to be read narrowly to "comply with congressional intention to restrict removal, and, therefore, doubts about the propriety of removal should be resolved against removal." ***Fromknecht v. Brayson Devel. Corp.***, 734 F.Supp. 508, 59 (N.D.Ga. 1990); ***Accord Viacom, Inc. v. Zebe***, 882 F. Supp. 1063, 1064 (D.D. Fla. 1995) (removal procedures are strictly construed because of the limited removal jurisdiction); ***Rogers v Rucker***, 835 F.Supp. 1410, 1411 (N.D.Ga. 1993)

## *B.*    *Federal Rules of Civil Procedure Rule 11*

The U.S. Supreme Court held in ***Cooter & Gell v. Hartmarx Corp.***, 496 US

384 - Supreme Court 1990, @392 the following on Rule 11:

> "Rule 11 provides, in full":

> "Every pleading, motion, and other paper of a party represented by
> an attorney shall be signed by at least one attorney of record in the
> attorney's individual name, whose address shall be stated. A party
> who is not represented by an attorney shall sign the party's
> pleading, motion, or other paper and state the party's address.
> Except when otherwise specifically provided by rule or statute,
> pleadings need not be verified or accompanied by affidavit. The
> rule in equity that the averments of an answer under oath must be
> overcome by the testimony of two witnesses or of one witness
> sustained by corroborating circumstances is abolished. The
> signature of an attorney or party constitutes a certificate by the
> signer that the signer has read the pleading, motion, or other paper;
> that to the best of the signer's knowledge, information, and belief
> formed after reasonable inquiry it is well grounded in fact and is
> warranted by existing law or a good faith argument for the
> extension, modification, or reversal of existing law, and that it is
> not interposed for any improper purpose, such as to harass or to
> cause unnecessary delay or needless increase in the cost of
> litigation. If a pleading, motion, or other paper is not signed, it shall
> be stricken unless it is signed promptly after the omission is called
> to the attention of the pleader or movant. If a pleading, motion, or
> other paper is signed in violation of this rule, the court, upon
> motion or upon its own initiative, shall impose upon the person
> who signed it, a represented party, or both, an appropriate sanction,
> which may include an order to pay to the other party or parties the
> amount of the reasonable expenses incurred because of the filing of
> the pleading, motion, or other paper, including a reasonable
> attorney's fee."

This Court has ignored, not only that BNY defendants removed a non-

9

removable case, but that they performed the removal improperly, and for improper purpose.[3]  A "violation of Rule 11 is complete when the paper is filed," ***Szabo Food Service, Inc. v. Canteen Corp.***, 823 F. 2d 1073, 1077 (CA7 1987), cert. dism'd, 485 U. S. 901 (1988).

### C..   *False Representations to This Court*

Further, every time Plaintiff has pointed out how, or why a procedure has been violated, defendants' counsel contradicts what they had said in an earlier filed document.[4]  Just like defendants' recent response to Plaintiff's showing that not all parties had joined in the removal, and that there is still a defendant that has no filed a responsive pleading.  To that, the defendants have alleged that Popular no longer exists.  Plaintiff has shown that is a false representation to the Court.

Plaintiff has attached evidence contrary to BNY defendants' claim about Popular as ***"Exhibit A"***, which clearly shows:

> Page 1 shows: "Popular Financial Services, LLC is located at 301 Lippincott Dr Marlton, NJ 08053. The officers include Brian Doran, Kimberly Dunbar, Mantoni Bernard. Popular Financial

---

[3] Plaintiff has pointed out numerous times to the Court that, in violation of the Rules, the Removal was signed by one seasoned attorney, who had actual knowledge that the case was being improperly removed, as well as actual knowledge that the case was not removable; and the results of the improper removal of a non-removable case, is this Court lacks jurisdiction, and prejudices the Plaintiff's case.

[4] See page 2, last ¶, above.

Services, LLC was incorporated on Wednesday, March 15, 2000 in the State of FL and is currently active. C T Corporation System represents Popular Financial Services, LLC as their registered agent."[5]

Page 2 shows February 2011 "Moster.com" the well known job search engine, was running an ad for Popular seeking employees.

Page 3 shows Popular Mortgage's current website stating: "More information: All offers are subject to credit approval. For customers with a (0, 0, 0) credit history that originate before February 25th, 2011, and close their mortgage loan by March 26th, 2011."; and

Page 4 is evidence of Popular Mortgage Servicing being in business and doing well February 24, 2011.

The defendants and their counsel are attempting to perpetrate a fraud upon the court to obtain a ruling in their favor. Plaintiff Objects On and For the Record.

### D.    *Fraud Upon the Court*

"Fraud on the court is fraud which is directed to the judicial machinery itself" *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir.). It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function-- thus where the impartial functions of the court have been directly corrupted. "Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court." *Porter*, 536 F.2d at 1119.

As the Supreme Court noted in *Hazel-Atlas Co. v. Hartford Co.*, 322 U.S.

---

[5] Source: Public Record data - Department of State - Division of Corporations

238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250, reh'g denied, 322 U.S. 772, 64 S.Ct. 1281, 88 L.Ed. 1596 (1944), a case that also involved an allegedly fraudulent document. Plaintiff has already submitted an Affidavit of Forgery concerning the documents defendants have attempted to use.

### E.   *Lack of Jurisdiction*

This Court Granted to Prommis defendants, who was in default, and who was not part of the improper Removal, on the fourteenth day after filing the Motion, an enlargement of time, without considering whether or not Plaintiff had filed an Objection or Opposition thereto. Plaintiff Objects on and For the Record, there have been numerous incidents of violating Plaintiff's Right to due process of law. In *United States v. Buck* 281 F.3d 1336, 1342-43 (10th Cir 2002) the Court held: "A judgment is void only if the court **lacked jurisdiction, or acted in a manner inconsistent with due process of law**." *Buck*, 281 F.3d at 1344 (internal quotations omitted). This Court both lacks jurisdiction and has acted in a manner inconsistent with due process of law.

### F.   *Judge's Impartiality*

An "objective observer would entertain reasonable questions about the judge's impartiality", and would see that this Court has treated the defendants with favoritism. In 1994, the U.S. Supreme Court held: "Disqualification is required if

an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. *Liteky v. U.S.*, 114 S.Ct. 1147, 1162 (1994).

"Bias or prejudice on the part of a judge may exhibit itself prior to the trial by acts or statements...If it is known to exist before the trial it furnishes the basis for disqualification of the judge to conduct the trial. Section 144, Title 28, U.S. Code"; *Knapp v. Kinsey*, 232 F.2d 458, (6th Cir. 1956), at 465. Rehearing denied 235 F.2d 129, cert. denied 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86. (Bold emphasis added).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989). In *Pfizer Inc. v. Lord*, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

### G.    *The Appeal Pending in State*

Moreover, Plaintiff has shown that this case is extricably intertwined with a State Court Appeal, which the state has great interest in the case, further causing the case to be removable.  Defendants made some lame remark about Plaintiff's claim of state interests and the Appeal.  In *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987), the Supreme Court held: "(application of Younger abstention is proper 'not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government'). The Supreme Court 'repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems.' *Pennzoil*, 481 U.S. at 12-13, 107 S.Ct. at 1526-27. In *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977)".

In *Pennzoil* the Court found abstention appropriate in an action brought by Pennzoil to enjoin Texaco from executing a Texas court judgment in Texaco's favor pending appeal of that judgment to the state appellate court. *Pennzoil*, 481 U.S. at 17, 107 S.Ct. at 1529. The Court found the reasoning of *Juidice* controlling. "[*Juidice*] rests on the importance to the States of enforcing the orders and judgments of their courts. There is little difference between the State's interest in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. Both Juidice and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts." *Id.* at 13-14, 107 S.Ct. at 1527 (footnotes omitted).

The Supreme Court has ruled and reaffirmed the principle that "justice must satisfy the appearance of justice", *Levine v. United States,* 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989).

15

## H.    *The Due Process Clause*

The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. "This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decisionmaking process". See *Carey v. Piphus*, 435 U.S. 247, 259-262, 266-267 (1978). The neutrality requirement "helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law". See *Mathews v. Eldridge,* 424 U.S. 319, 344 (1976). At the same time, it "preserves both the appearance and reality of fairness, 'generating the feeling, so important to a popular government, that justice has been done,'" *Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring), by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

"The United States Supreme Court has made clear that 'a fair trial in a fair tribunal is a basic requirement of due process' in administrative adjudicatory proceedings as well as in courts" *Michigan Dept. of Soc. Sercs. V. Shalala*, 859 F.

16

Supp. 1113, 1123 (W.D. Mich. 1999) (quoting *Withorow v. Larkin*, 421 U.S. 35, 36, 95 S.Ct. 1456, 1459, 43 L.E.d.2d 712 (1975))  Thus stated Justice Kennedy in his concurring opinion in the recent Supreme Court case …'[i]f through obduracy, honest mistake, or simple inability to attain self knowledge the judge fails to acknowledge a disqualifying predisposition or circumstance, an **appellate court must order recusal no matter what the source**.' *Liteky v. U.S.*, 510 U.S. 540, 563, 114 S.Ct.1147, 1161, 127 L.Ed.2d 474 (1994) (Kennedy J. concurring)  This is because, as our court of appeals has declared, 'litigants ought not have to face a judge where there is a reasonable question of impartiality…' *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, (3rd Cir. 1993). *D.B. v. Ocean Tp. Bd. Of Educ.*, 985 F.Supp. 457 (D.N.J. 1997) (Bold emphasis added.)

The basic requirement of constitutional due process is a fair and impartial tribunal, and the Supreme Court has consistently enforced this basic procedural right.  One of the very objects of Law is the impartiality of its judges in fact and appearance; the relevant consideration is the appearance of partiality, see *Liljeberg v Health Services Acquisition Corp.*, 486 U.S. 847 (1988) 100 L. Ed. 2d 855, 108 S. Ct. 2194, at 860, "If, for instance, a judge …should state, …an intent to ensure that one side or the other shall prevail, there can be little doubt that he or she must recuse. Cf. *Rugenstein v. Ottenheimer*, 78 Ore. 371, 372, 152 P. 215, 216 (1915)

(reversing for judge's failure to disqualify himself on retrial, where judge had stated: " 'This case may be tried again, and it will be tried before me. I will see to that. And I will see that the woman gets another verdict and judgment that will stand.' ").

In 1994, the U.S. Supreme Court held:

> "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. *Liteky v. U.S.*, 114 S.Ct. 1147, 1162 (1994).

"The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163, 2 L. Ed. 60 (1803)." *Jones v. Clinton*, 72 F3d 1354 (8th Cir. 1996), rehearing en banc den., 81 F3d 78; cert. granted, 116 S.Ct. 2545.

### I. 28 U.S.C. §§ 455, 144

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. §144.

28 U.S.C. §455: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Respectfully submitted, this 2nd day of March, 2011,

By: _____

CHRISTINE STONE, Pro Se
2604 Canopy Lane
Marietta, GA  30066
(678) 427-2888

## AFFIDAVIT OF PLAINTIFF CHRISTINE STONE

I, Christine Stone, under penalty of perjury, state that I am over the age of twenty-one (21), and competent to testify in these matters. The judge before whom my case is pending, has a personal bias or prejudice against me, and in favor of the defendants, as shown in the foregoing Brief.

Christine Stone

Subscribed and Sworn Before Me
This 2 day of March, 2011

_____
NOTARY PUBLIC, State of Georgia
My Commission Expires: 11/29/2011



19

## CERTIFICATE OF COMPLIANCE

Plaintiff, Ms. Stone, hereby Certifies that this *Brief in Support of Plaintiff's Motion to Recuse* has been prepared using 14 point, Times New Roman font, in accordance with L.R.5.1,N.D.Ga.

CHRISTINE STONE

## CERTIFICATE OF SERVICE

I hereby Certify that I have this 1st day of March, 2011, served a true and correct copy of the foregoing *Brief in Support of Plaintiff's Motion to Recuse* upon defendants, through their attorneys on file, by causing to be deposited with USPS, First Class Mail, proper postage affixed and addressed as follows:

**Kelly Lane Atkinson**
Troutman Sanders, LLP
Suite 5200 Bank of America Plaza
600 Peachtree St., N.E.
Atlanta, GA  30308-2216

**John H. Williamson**
Morris Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Rd., N.E.
Atlanta, GA  30326-1044

Christine Stone



corporation

Add New Company     Sign-In | Register

Home    Companies    People    IP



Popular Financial Services, LLC

> New Jersey > Marlton > Popular Financial Services, LLC     SHARE

## Popular Financial Services, LLC

**Meso Lawyers for Veterans** Expert Mesothelioma Law Firm Collect Millions. Call 888-347-6135 www.YourMesotheliomaLawFirm.com

**Emory Paralegal Program** Attend our next info session & earn a certificate from Emory in 6 mos. www.emory.edu/paralegal
<span>Ads by Google</span>

### Marketing Services

- Twitter Marketing
- Logo Design Services
- Great Domain Names
- Business Plan
- File a Patent
- Merchant Account
- Effective Media Buying

Popular Financial Services, LLC is located at 301 Lippincott Dr Marlton, NJ 08053. The officers include Brian Doran, Kimberly Dunbar, Mantoni Bernard. Popular Financial Services, LLC was incorporated on Wednesday, March 15, 2000 in the State of FL and is currently active. C T Corporation System represents Popular Financial Services, LLC as their registered agent.
Source: Public Record data - Department of State - Division of Corporations

| Company Summary | Reports | Addresses | Points of Interest | Web |
| --- | --- | --- | --- | --- |

**Officers:**

- Brian Doran
- Kimberly Dunbar
- Mantoni Bernard

**Reverse Mortgage**
Get the Facts - Talk to a MetLife Bank
Reverse Mortgage Advisor Today
www.MetLifeBank.com

**2011 HAMP Relief**
2% Rates! Lower Mortgage Payment by
50% No Credit Check, Apply Here
www.TheObamaHAMP.net

**2.7% 30 Yr Mortgage Rate**
$160,000 Mortgage for $434/mo Get Your
Low Refinance Rate Now!
MortgageRates.FreeRateUpdate.com
<span>Ads by Google</span>



Map data ©2011 Google -

---

Relationship Visualizer

View Full Screen



| Brian Doran | Addresses | Web |
| --- | --- | --- |

**Brian Doran**
(view profile)

**Related People:**      **Related Companies:**



Contact Brian
Doran

Background
Check

Criminal Check

Phone Number

· Bernard Mantoni
· Daniel Baxter
· Gregory S Fisher
· Kimberly Dunbar
· Matthew McGarvey
· Paul Shay

· Popular Housing Services,
Inc.

**Possible Related Companies:**

· Popular Housing Services,
Inc.

Home |Add Company |Advertising
|Developers |Update Data |Terms
of Use |Privacy |Contact Us

Copyright © 2011
CorporationWiki.com All Rights
Reserved.
Every effort is made to research, produce
and publish the most current and accurate
company and business owner information
possible, however, data inaccuracies may
exist.
No warranties, expressed or implied, are
provided for the business data on this site,
its use, or its interpretation.
If you are not seeking public record data,
visit phonegreetings.com today.

---

| Kimberly Dunbar | Addresses | Web |

**Kimberly Dunbar**
(view profile)

Contact Kimberly
Dunbar

Background Check

Criminal Check

Phone Number

**Related People:**

· Bernard Mantoni
· Brian Doran
· Cameron Williams
· Daniel Baxter
· Dennis Lauria
· Gregory S Fisher
· John Martella
· John N Cooke
· Matthew McGarvey
· Paul Shay

**Related Companies:**

· Equity One Consumer
Loan Company, Inc.
· Equity One Financial
Services Company
· Popular Financial
Management, LLC
· Popular Financial Services,
LLC
· Popular Housing Services,
Inc.
· Popular Mortgage
Servicing, Inc.
· Popular Mortgage
Servicing, Inc.

**Possible Related Companies:**

· Equity One Consumer
Loan Company, Inc.
· Equity One Financial
Services Company
· Popular Financial
Management, LLC
· Popular Financial Services,
LLC
· Popular Housing Services,
Inc.
· Popular Mortgage
Servicing, Inc.
· Popular Mortgage
Servicing, Inc.

---

| Mantoni Bernard | Addresses | Web |

**Mantoni Bernard**
(view profile)

Contact Mantoni
Bernard

Background Check

Criminal Check

Phone Number

**Related People:**

· Brian Doran
· Gregory S Fisher
· Kimberly Dunbar
· Matthew McGarvey
· Paul Shay

**Related Companies:**

· Popular Financial Services,
LLC

---

| FL Corporate Record | Corporate Events | |

**State of Record:** FL
**State Reference ID:** M00000000503
**Registered Agent:** C T Corporation System

**File Date:** 3/15/2000
**Active:** True
**Filing Type:** Foreign Limited Liability

You Searched for "Popular Financial Services"

**Local Financial Advisors**
Find An Edward Jones® **Financial** Advisor Nearby. 10,000+ Offices.

www.EdwardJones.com

**iGoogle Finance Gadget**
Check Stocks Right From Your Homepage- Get The Gadget Today!

Google.com/ig

**Local Businesses**
Find Local Businesses Near You. See Actual Customer Reviews!

Local.com

**Financial Info & News**

**Company Directory:**

A  B  C  D  E  F  G  H  I  J  K  L  M  N  O  P  Q  R  S  T  U  V  W  X  Y  Z

http://company.monster.com/popfin.aspx

Popular Financial Holdings, a subsidiary of Popular, Inc. is a national diversified consumer lending institution offering a complete line of real estate secured, home improvement and unsecured loan products. Headquartered in Southern New Jersey, PFH is dedicated to delivering the highest level of customer satisfaction and is committed to treating customers and employees with care, respect and dignity. We take great pride in offering lending solutions tailored to meet the financial needs of our customers in each of our locations nationwide. The company was formed in May 1989. Originally known as Spring Financial Services, PFH, became a subsidiary of a Popular, Inc. Company, a diversified bank holding company in 1991.

Equity One, the Retail Division of Popular Financial Holdings, is comprised of a network of consumer and retail branch offices, offering mortgage and financial loan products directly to consumers within branch trade areas. Product sales originated through our Consumer Branch network are generated through community based marketing, dealer finance contracts, existing customer base and referral business. Consumer offices are conveniently located in local retail centers. Our Retail Mortgage offices and centralized call center operations are regionalized and source customers through centralized telemarketing, direct mail and Loan Officer generated leads.

Popular Financial Services, the Wholesale Division of Popular Financial Holdings, serves a network of 2,100 mortgage brokers and offers a wide variety of non-prime 1st and 2nd residential mortgage products. Our Wholesale Account Managers are responsible for the generation of quality loans through direct solicitation from the mortgage broker network. Our Commercial Division offers commercial and mixed use products through a broker network.

Popular Mortgage Services Inc, a division of PFH, acquires mortgage servicing rights in bulk and derives its revenue from servicing fees and from the escrow and principal interest float. Their goal is to exceed the service expectations of their customers as well as meet the changing needs of the industry.

Popular Mortgage Services, Inc., the loan administration and servicing division of Popular Financial Holdings, services mortgage loans in the PFH portfolio and acquires mortgage servicing rights from other financial institutions. PMSI is a recognized leader in Loan Servicing and is located in Cherry Hill, NJ.

Popular Financial Holdings works with its employees to make certain the highest standards of customer service are practiced throughout every level of the company. PFH offers a competitive compensation and benefits plan with medical/dental insurance, company paid life insurance, dependent and medical flexible spending accounts and a 401k plan that matches 100% of the employee contribution up to the first 5% of contributions.

## Mortgages

We can help you choose the best home loan for you ▾



## Rates

| Loans | Annual Rate | APR | Loan | Monthly Payment |
|---|---|---|---|---|
| Conventional 15 years[1] | 3.25% | 4.16% | $200,000 | $1,405 |
| Conventional 30 years[2] | 4.25% | 4.78% | $200,000 | $984 |
| FHA[3] | 4.50% | 5.35% | $193,000 | $988 |

Payments do not include insurances or taxes. Final payment will be higher.

## TOOL & RESOURCES

| | | |
|---|---|---|
| RG Mortgage Clients | Contact Us | Contest: "Balanceamos tu Presupuesto" |
| Calculators | Glossary of Terms | |
| FAQ's | Home Mortgage Interest | |

**Call us at 787-707-7070 - 1-866-358-7070**

More information: All offers are subject to credit approval. For customers with a (0, 0, 0) credit history that originate before February 25th., 2011, and close their mortgage loan by March 26th., 2011.

The 15 year and 30 year offers are subject to minimum credit score requirements established by the institutions. Offers for conventional loans must have a FNMA DU System recommendation of Approved Eligible, or a Freddie Mac LP System recommendation of Accept Plus. Offers for Fannie Mae Conforming or Freddie Mac Conforming loans for single unit properties from $75,000 up to $417,000 with a maximum LTV of 80% for purchase of primary and secondary residences without private mortgage insurance and up to 95% LTV in primary residences with private mortgage insurance. For refinancing up to 60% LTV with cash disbursement and 80% without cash disbursement, without private mortgage insurance for first and second residences. Other offers and requirements apply for mortgage loans from $417,001 up to $606,250 and for properties located in condominiums.

Example 1 - Popular Mortgage will honor 2.375% below its FHA prevailing interest rate at closing; the interest rate will never be lower than 3.25%. Example 2 - Popular Mortgage will honor 1.375% below its FHA prevailing interest rate at closing; the interest rate will never be lower than 4.25%.

Example 3 - Offer for loans insured by the Federal Housing Administration (FHA) from $75,000 up to a maximum of $417,000 based on the limits by municipality established by the Agency with a LTV of 96.5% for purchasing, 97.75% for refinance without cash out and 85% with cash out. Popular Mortgage will honor 1.00% below its FHA prevailing interest rate at closing; the interest rate will never be lower than 4.50%. This product requires FHA

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com
http://www.popular.com/pr/pers/mortgage/pr-per-mort-home-en.jsp                    2/24/2011

mortgage insurance.

# Bloomberg Businessweek

Available on the iPad

Bloomberg

# HEDGE FUNDS LONDON: HEDGING AGAINST UNCERTAINTY  17.MAR.2011 | LONDON



Report content errors on this page

THRIFTS AND MORTGAGE FINANCE                                    February 24, 2011 12:43 AM ET

## Popular Mortgage Servicing, Inc.

Snapshot | People

**COMPANY OVERVIEW**

Popular Mortgage Servicing, Inc. provides mortgage lending solutions. It offers various residential mortgage loan services to consumers. The company was incorporated in 2004 and is based in Cherry Hill, New Jersey. Popular Mortgage Servicing, Inc. operates as a subsidiary of Popular Financial Holdings, Inc.

**KEY EXECUTIVES**

Popular Mortgage Servicing, Inc. does not have any Key Executives recorded.

| | |
|---|---|
| 121 Woodcrest Road | Phone: 800-273-3973 |
| Cherry Hill, NJ 08003 | Fax: 856-396-2770 |
| United States | www.popularmsi.com |
| Founded in 2004 | |

**SIMILAR PRIVATE COMPANIES BY INDUSTRY**

| Company Name | Region |
|---|---|
| Spivey State Bank | United States |
| UBS Loan Finance LLC | United States |
| American Metro Bank | United States |
| First National Bank (Waverly, IA) | United States |
| Buffalo Savings Bank (Buffalo, IA) | United States |

**RECENT PRIVATE COMPANIES TRANSACTIONS**

| Type Date | Target |
|---|---|
| No transactions available in the past 12 months. | |

**ADS BY GOOGLE**

**Is Your Bank At Risk?**
Is Your Bank Or Insurance Failing? Free Report Available. Get It Now!
www.moneyandmarkets.com

**Reverse Mortgage Banks**
Get the Facts - Talk to a MetLife Bank Reverse Mortgage Advisor Today
www.MetLifeBank.com

**HAMP Assistance**
2% Rates, Lower Mortg. Payment by 50%! No credit Check, Apply Here
www.TheObamaHAMP.net/HAMP

**2.7% 30 Yr Mortgage Rate**
$160,000 Mortgage for $434/mo Get Your Low Refinance Rate Now!
MortgageRates.FreeRateUpdate.com

Track and share business
topics across the Web.

**Business-to-Business Marketing**
**Small Business Marketing**
**Gay Business and Marketing**
**Cross-Cultural Marketing**
**Affiliate Marketing**

**STOCK QUOTES**

Stock, Fund, or ETF    **Go**   Company Lookup

Browse Companies A B C D E F G H I J K L M N O P Q R S T U V W X Y Z | 0 1 2 3 4 5 6 7 8 9

## MOST SEARCHED PRIVATE COMPANIES

| Company Name | Geographic Region |
|---|---|
| NYC2012, Inc. | United States |
| Bertelsmann AG | Europe |
| Lawyers Committee for Civil Rights Under Law | United States |
| Rush University | United States |
| Greater Houston Partnership | United States |

## COMPANIES TOOLBOX

### Investing Tools

Newsletter        Blogs

RSS feeds        Podcasts

Videos

## SEARCH FOR JOBS

**Financial Services Industries - Banking Tax Manager**
New York, NY-Deloitte

**Financial Services Industries Banking Tax Senior Manager**
New York, NY-Deloitte

**Financial Reporting Sr. Associate**
Wilmington, DE-ING Direct

**Financial Services Industries - Banking Tax Senior Manager**
New York, NY-Deloitte

See all undefined Job Listings

| job title or company | location | Go |

Jobs by SimplyHired

## Sponsored Links

Buy a link now!

## ADS BY GOOGLE

**Atlanta Coupons**
1 ridiculously huge coupon a day. It's like doing Atlanta at 90% off!
www.Groupon.com/Atlanta

**First Time Home Loans**
Good rates for Good credit 24 Hour Approval. Apply Online Now!
HomeFinanceofAmerica.com

**Stocks Ready To Explode**
#1 U.S Penny Stock Newsletter 1000% Gains, Join Now Free
WhisperfromWallStreet.com

**Home Mortgage Savings**
Save Money By Comparing Home Mortgage Rates Online. Start Today!
www.protect.com/Mortgage





| SPECIAL REPORTS | BUSINESS TOOLS | LISTS & RANKINGS | BLOGS | SLIDESHOW GALLERY | MAGAZINE |
|---|---|---|---|---|---|
| Campaign 2010 | B-School Comparison | Best Global Brands | Apple | Autos | Current Issue |
| | B-School Calendar | Best Places to Launch a Career | Asia | Business Schools | |
| | BW for Mobile | Best Providers of Customer Service | Autos | Design | |
| | E-mail Newsletters | | EconoChat | International | |
| | RSS | Best Undergraduate Business Schools | Investing | Innovation | |
| | White Papers | Business School Rankings & Profiles | On Media | Investing | |
| | A-Z INDEX | | Paul Kedrosky | Managing | |
| Energy Outlook | BW Authors | BW 50: Best Performing Companies | Small Business | Policy | |
| Financial Literacy | BX Topics | Top 100 IT Companies | Technology | Real Estate | |
| Innovation in a Recession | Private Companies | Most Innovative Companies | SOCIAL MEDIA | Small Business | |
| More Special Reports | Public Companies | | @BW on Twitter | Technology | |
| | | | BW on Facebook | | SUBSCRIBE NOW |





About | Advertising | EDGE Programs | Reprints | Terms of Use | Disclaimer | Privacy Notice | Ethics Code | Contact Us | Site Map
©2011 BLOOMBERG L P  ALL RIGHTS RESERVED.