IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR - 8 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | | |
|---|---|---|
| CHRISTINE STONE,<br>Plaintiff<br><br>vs.<br><br>THE BANK OF NEW YORK<br>MELLON, N.A., f/k/a THE BANK OF<br>NEW YORK TRUST COMPANY, N.A.;<br><br>JPMORGAN CHASE BANK N.A.;<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br><br>PROMMIS SOLUTIONS, LLC;<br><br>LITTON LOAN SERVICING, LP;<br><br>POPULAR FINANCIAL SERVICES,<br>LLC./POPULAR MORTGAGE<br>SERVICING, INC;<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>No. 1:11-cv-00081-RWS<br><br><br>JURY TRIAL DEMANDED |

---

## PLAINTIFF'S REPLY TO DEFENDANT PROMMIS SOLUTIONS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff, Christine Stone, proceeding *in propria persona*, who files *Plaintiff's Reply to Defendant Prommis Solutions, LLC's Opposition to Plaintiff's Motion to Remand*.

The Prommis Solutions, LLC's [1], on February 22, 2011, filed Response in Opposition to Plaintiff's Motion to Remand [Doc.7]. Prommis adopted the BNY defendants[2] "Memorandum of Law in Opposition to Plaintiff's Request for Remand" filed on February 18, 2011 [Doc.11]. Plaintiff replies to Prommis, as well as adopts Plaintiff's Reply to BNY defendants [Doc.22].

## A.   *Removal to This Court Was an Act of Bad-Faith*

A Plaintiff is limited to where they can file a complaint to start with; the Plaintiff must file within the proper venue in a court that has jurisdiction. It is well known, that banks/lenders[3] prefer Federal Court, in particular. It appears that the federal court tends to be more Bank-friendly than the state courts are.

In reality, to bank/lenders removing to federal court, it is irrelevant whether or the state court has exclusive, or original jurisdiction. The only concern of the banks/lenders is shopping for a more friendly forum than where the case was

---

[1] Prommis Solutions, LLC, hereinafter "Prommis", or "these defendants"

[2] BNY defendants = The Bank of New York Mellon, f/k/a The Bank of New York Trust Company ("BNY"); JP Morgan Chase Bank, N.A. (Chase); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Litton Loan Servicing, LP ("Litton")

[3] References to "Bank" of "Banks", are meant to include, but not be limited to lenders, servicers, loan brokers, holders of the note, holders of mortgages, assignees, nominees, Certificate holders, Trustees, etc., therefore any reference to bank, or banks include any and all entities involved in foreclosures/Sales Under Power.

2

originally brought.  Nevertheless, it amounts to Court-shopping, the equivalent of Judge-shopping.  Furthermore, when removing a case to a more friendly forum, the bank/lender, apparently also ends up with the upper-hand.  The bank/lender knows that a complaint written for state court will most likely not stand up to the rigors of federal court, and the bank/lender removes to federal for the sole purpose of getting the case dismissed.

Through Plaintiff's research she has found that the complaint written for Superior Court does not stand up in federal court, and if the Plaintiff is denied the right to Amend the complaint to satisfy Federal Court's pleading rules, and to take advantage of the fewer available causes of action, the federal court will dismiss the whole case, not accepting jurisdiction over the state court causes of action.

Many times, the act of removal is done in bad faith,[4] merely to delay resolution of the case, and to cost the Plaintiff more money, and at the same time, to have the federal issues, even though they may be slight, dismissed.   Once there is a ruling on the merits of the cause of action, res judicata, and estoppel comes

---

[4]   Bad faith, Noun: intentional deception, dishonesty, or failure to meet an obligation or duty; with or characterized by intentional deception or dishonesty <possessor in bad faith> <an obligation to not act in bad faith -Hillesland v. Federal   Land   Bank   Ass'n,   407   N.W.2d   206   (1987)> http://research.lawyers.com/glossary/bad-faith.html

into play, and the Plaintiff cannot bring those particular causes of action back up in any court.

The rights of a plaintiff to file their case, in either state or federal court, where they would like to have it heard, rather than where the defendant wants the case heard is similar to a forum selection clause in a contract. It is very rare for a court to rule against a forum selection clause. At the same time, it delay resolution of the issues, and hurts the Plaintiff not only morally, but monetarily as well.

# B. *Prommis Has Been Allowed to Violate the Unanimity Rule of Removal, File Late, and Adopt Briefs That They Had Not Entered Into the Case in Time to be Part Of.*

BNY Defendants [Doc.11,pp.11-12] stated: **"Further, no Promise entity has appeared in this case.** \*n2". BNY Defendants' \*n2: "Should the court determine that the Notice of Removal was deficient due to the lack of unanimity, such absence is a procedural defect, which does not defeat this court's subject matter jurisdiction. Demmons v. Fulton County, 2010 U.S. Dist LEXIS 90829, at \*4, n1 (N.D.Ga. August 2, 2010)."

The problems with citing *Demmons* are enormous. Plaintiff reviewed the Ruling of District Court in *Demmons*; that case, filed against Fulton County, involved employment discrimination. The *Demmons* Court's Ruling merely

4

adopted the Report and Recommendation of the Magistrate Judge, and **made no mention whatsoever of a Removal**.

Prommis, obviously has entered into the case as defendants, and in fact gave an explanation that could by no means be considered as excusable negligence; but the Court forgave them, and granted them an Extension of time to answer anyway, without giving Plaintiff's response thereto any consideration or mention.

BNY defendants' response to Remand, [Doc.11,pp.11], goes through an elaborate explanation of why Popular has not responded to the case. Until such time that Popular files it's responsive pleading, the other defendants, must not be allowed to plead on Popular's behalf; as they had apparently been allowed to do for Prommis, up until the time Prommis filed a responsive pleading.

Further, Plaintiff has just received back from the Georgia Secretary of State's Office the evidence that MERS, BNY, and Popular were all properly served with Summons and Complaint. *"Exhibit 1"*

Although, as Plaintiff, has clearly shown, Popular Financial Services, LLC/Popular Mortgage Servicing, Inc. ("Popular"), was properly served with Summons and Complaint, they apparently do not plan to file a responsive pleading. That does not mean that they don't count when considering whether or not the case was removable.

5

Further, although BNY defendants attempted to show that Popular is no longer in business, Plaintiff rebutted with credible evidence of their existence, and in fact are alive and well. A prime example of how BNY defendants and their counsel are misleading the court, to hinder the justice process through fraud upon the court. [Doc.11]

Apparently, since Prommis has adopted BNY defendants' Brief, Prommis plans to follow in BNY defendants' footsteps, in attempting to perpetrate a fraud upon the court by misleading the court to prevent and hinder justice.

Further, the amount of bogus paperwork that these entities are filing with the State of Georgia, through Cobb County Real Property Records, is staggering.

MERS has constantly been in the news related to unlawful foreclosures, and the Courts throughout the country. The Arkansas Supreme Court ruled last year that MERS could no longer file foreclosure proceedings there, because it does not actually make or service any loans.[5] Last month in Utah, a local judge made the no-less-striking decision to let a homeowner rip up his mortgage and walk away debt-free.[6] MERS had claimed ownership of the mortgage, but the judge did not recognize its legal standing.

---

[5] http://www.nytimes.com/2011/03/06/business/06mers.html

[6]     http://www.gainesville.com/article/20110306/ZNYT01/103063014/-1/entertainment?Title=MERS-It-May-Have-Swallowed-Your-Loan

6

In New York Judge Grossman did not buy that argument that the principal/agent relationship among MERS and its members was created by its rules of membership when coupled with the Mortgage itself. He concluded the issue as follows: "MERS would have this Court cobble together the documents and draw inferences from the words contained in those documents. For example, MERS argues that its agent status can be found in the Mortgage which states that MERS is a "nominee" and a "mortgagee of record." However, the fact that MERS is named "nominee" in the Mortgage is not dispositive of the existence of an agency relationship and does not, in and of itself, give MERS any "authority to act." The final words of Judge Grossman serve as an unequivocal warning: "[I]n all future cases which involve MERS, the moving party must show that it validly holds both the mortgage and the underlying note in order to prove standing before this Court."[7]

The relationship between MERS and its lenders and its distortion of its alleged "nominee" status was appropriately described by the Supreme Court of Kansas as follows: "The parties appear to have defined the word [nominee] in much the same way that blind men of Indian legend described an elephant – their description depended on which part they were touching at any given time."

---

[7] http://www.q-law.com/?p=1707

7

*Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 166-67 (Kan. 2010)."

Because of the length of the explanation and number of pages for the documents, Plaintiff has attached the explanations with the document as Exhibits. According to Georgia's Attorney General, Sam Olens, he plans to prosecute for this kind of fraud in documentation upon foreclosures. This fact shows that there is an important state interest in foreclosures in Georgia, and this case must be remanded to state court.

To show the amount of fraud involved in this unlawful foreclosure, Plaintiff has attached the following documents with an explanation of each:

*"Exhibit 2"* Waiver of Borrower's Rights dated August 12, 2003; *"Exhibit 3"* Waiver of Borrower's Rights dated December 17, 2004; *"Exhibit 4"* Assignment filed June 02, 2008 and signed by Notorious Robo-signer Victor Parisi with New York Supreme Court Judge Schack Ruling in HSBC Bank USA v Perboo; *"Exhibit 5"* "Corrective Assignment filed April 13, 2010; *"Exhibit 6"* Deed Under Power; *"Exhibit 7"* Power of Attorney

## ARGUMENT AND CITATIONS TO AUTHORITY

Defendants claim that they removed the case at bar pursuant to 28 U.S.C. §1441 [Doc.1,pp.1], and later U.S.C. §1441(a) [Doc. 11] that this Court has subject matter jurisdiction under 28 U.S.C. §1331. 28 U.S.C. §1331 states: "The district

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

It is well known that the party removing an action to Federal Court has the burden of showing that the Federal jurisdictional requirements are satisfied. The defendant removed this case from the forum selected by the Plaintiff, against Plaintiff's wishes, and has failed to meet the burden upon them.

Therefore, the case must be ramanded to the court from which it came, because the Federal Court has neither original, exclusive, nor inadvertent jurisdiction in this matter.

### A.    *Defendants Have the Burden of Proving Federal Jurisdiction Exists*

Because this case was originally filed in state court and removed to federal court by Chase, Chase bears the burden of proving that federal jurisdiction exists. see ***Kirkland v. Midland Mortgage Co.***, 243 F.3d 1277, @1281 *n.5 (11th Cir. 2001). They have not met their burden.

### B.    *Congress' Declaration That the Continued Regulation and Taxation by the Several States is in the Public Interest*

"Congress hereby declares that the continued regulation and taxation by the several states of the business of insurance is in the public interest, and that silence

on the part of the Congress shall not be construed to impose any barrier to the

regulation or taxation of such business by the several states." 15 U.S.C. § 1011.[8]

In furtherance of this provision, § 1012 of the Act states that:

"No Act of Congress shall be construed to invalidate, impair, or supercede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee upon such business, unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012 (emphasis supplied).

"While RESPA does not relate predominantly to insurance, it does explicitly

refer to mortgage insurance, defining the term 'settlement services' to include:

[A]ny service provided in connection with a real estate settlement including, but not limited to, the following: title searches, title examinations, the provision of title certificates, title insurance, services rendered by an attorney, the preparation of documents, property surveys, the rendering of credit reports or appraisals, pest and fungus inspections, services rendered by a real estate agent or broker, the origination of a federally related mortgage loan (including, but not limited to, the taking of loan applications, loan processing, and the underwriting and funding of loans), and the handling of the processing, and closing or settlement[9]; 12 U.S.C. § 2602(3) (emphases supplied)."

## C. Congress' Intent When They Enacted McCarran-Ferguson Act

The *Patton* Court went on: "In the context of the provision of services in

connection with a real estate settlement, the most plausible meaning of the term

---

[8] *Patton v Triad Guaranty Insurance*, 277 F.3d 1294 (11th Cir. 01/02/2002), reversed

[9] All of the services provided for in the ¶, are state regulated in Georgia.

'underwriting . . . of loans' is mortgage insurance. This is the leading definition in Black's Law Dictionary, which defines 'underwriting' principally as, 'The act of assuming a risk by insuring it; the insurance of life or property.' Black's Law Dictionary (7th ed. 1999)." Thus, it was held that RESPA is a Congressional Act that "specifically relates" to mortgage insurance.

For the enforcement of RESPA, it was held that "RESPA explicitly authorizes enforcement of all violations by state Insurance Commissioners:

> The Secretary, the Attorney General of any state, or the Insurance Commissioner of any state may bring an action to enjoin violations of this section."[10]

In interpreting the McCarran-Ferguson Act, the Supreme Court has recognized that the language of §§ 1011 and 1012 "indicates that the Act does not seek to insulate state insurance regulation from the reach of all federal law, but only from inadvertent federal regulation." **Barnett Bank**, 517 U.S. at 40. The language used by the US Supreme Court in it's analysis, was such that it did not 'invalidate, impair, or supercede' existing law, because the McCarran-Ferguson Act protected against that 'inadvertent' outcome; in other words, the Federal District Court does not have exclusive jurisdiction, nor explicit jurisdiction over RESPA because Georgia does have statutes regulating the same conduct.

---

[10] 2 U.S.C. § 2607(d)(4) (emphasis supplied).

### D.   *Georgia's New Attorney General, and New Foreclosure Bill*

Apparently Georgia's new Attorney General feels much like many of those who are facing an unlawful foreclosure, by an entity that the judicial system in Georgia, to date has snoozed on.   In fact, he apparently looks forward to investigating and prosecuting those involved in fraudulent foreclosure practices: "As the state's attorney, it is appropriate that my office investigate foreclosure fraud and prosecute individuals who scam the system."[11]

According to the Attorney General, Georgians have always had the Right before a foreclosure; the homeowner has the right to ask for the Original Note and Original Deed, as well as every assignment to every party since the inception of the loan, as provided for in Real Estate Settlement and Procedures Act, 12 U.S.C. Section 2605(e),:

> *The name and address of the current holder and owner of the original note and deed to secure debt;

> *A complete payment history which lists the dates and amounts of all the payments I have made on the loan to date, and how each payment was applied or credited (whether to principal, interest, escrow, suspense, or some other treatment)

> **The name and address of the owner of the promissory note secured by the deed to secure debt for the mortgage loan**

---

[11] http://stopforeclosurefraud.com/2011/03/01/ga-foreclosure-fraud-bill-passes-out-of-house-committee/

**referenced above**

**\*The names of all entities to whom the promissory note referenced above has been sold, assigned or transferred, and the dates that each sale or transfer of the note occurred**

**\*A copy of the note referenced above, and any attachments showing endorsements that have occurred**

**\*A copy of any assignment of the note or deed to secure debt**

Because each occurrence that the servicer, lender, denies the documents, or refuses to account for errors in the mortgage, or violates the rules of RESPA, it is a the opposing party can be granted relief by the Court of One Thousand Dollars ($1,000.00) per incident of denial or violation.

And RESPA is to be heard in the state.

### E.    *28 U.S.C. 28 §1441(a)*

Defendants then claim that 28 U.S.C. §1441(a) states:   "Neither the citizenship of the parties nor the amount in controversy is relevant to removal"; "Further, removal is appropriate even in cases such as this where the state court has concurrent jurisdiction…"; "when a federal district court also has original jurisdiction unless Congress has expressly prohibited removal…" [Doc.11,pp.3¶1] None of those phrases are contained within 28 U.S.C. §1441(a) anywhere.

> 28 U.S.C. §1441(a):
> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United State s for the district and division embracing the place where such action is pending. For purposes of this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

### F.   *28 U.S.C. §1331*

Defendants then claim that removal is grounded in federal question jurisdiction under 28 U.S.C. §1331, and cite because of TILA [Doc.11,pp.3-4], and claim that Plaintiff seeks relief for consumer protection laws. There is no federal question concerning the consumer protection laws, and Congress has stated that either federal or state court has initial jurisdiction in the matter.

Defendants clearly state: "a state court's concurrent jurisdiction…does not deprive federal court of subject matter jurisdiction, 'nor does the state court obtain exclusive jurisdiction because it was the first forum in which the case was filed. See U.S. Const. Art. III. §2; 28 U.S.C. §§1331, 1441(a).'" §1441(a), does not have relevancy to US Const. Art. III, §2, but US Const. Art. IV, §1 shows: "Full faith and credit shall be given in each state to the public Acts, Records, and judicial proceedings of every other state. And the Congress may be general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

14

### G. *State Courts Are to be Free From Interference From Federal Courts*

The Supreme Court has long held that "state courts shall remain free from interference by federal courts." ***Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers***, 398 U.S. 281, 282, 90 S.Ct. 1739, 1741, 26 L.Ed.2d 234 (1970). These defendants would have this Court ignore that there is an on-going Appeal in the Georgia Court of Appeals between Plaintiff and BNY, yet to be Ruled on. They would further have this Court ignore that O.C.G.A. §44-2-60 "For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered as prescribed by this article, the superior court of the county in which the land is located **shall have exclusive original jurisdiction** of all petitions and proceedings had thereupon."[12]

---

[12] The words "shall", "will", or "must" are language of an unmistakably mandatory character, requiring that certain procedures "shall," "will," or "must" be employed ***Hewitt v. Helms***, 459 US 460 - Supreme Court 1983; ("a State creates a protected liberty interest by placing substantive limitations on official discretion"); ***Hewitt v. Helms***, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983) ("the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest"). "To create a constitutionally protected liberty interest, a state must employ 'language of an unmistakably mandatory character, requiring that certain procedures "shall," "will," or "must" be employed ... '" ***Russ v. Young***, 895 F.2d 1149, 1153 (7th Cir.1990) (quoting ***Hewitt***, 459 U.S. at 471-72, 103 S.Ct. at 871). Protected due process liberty interests can be created, however, when a state "plac[es] substantive limitations on official discretion," ***Olim v. Wakinekona***, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983

## H. *It Has Long Been Known That These Defendants Have Questionable Reputations Concerning Foreclosures and Robo-Signers and Fraudulent Documetns*

These defendants have been in the new numerous times concerning questionable foreclosures, and their use of well known Robo-Signers, and fraudulent documents as shown by Plaintiff's *"Exhibits 2-6"*. Because Attorney General Sam Olens wants to prosecute and investigate into unlawful foreclosures, Georgia has important state interests in this case. If this Court continues to refuse to remand the case, Plaintiff will move to stay the case until Georgia Attorney General Same Olens wants to either intervene, or join the case.

## CONCLUSION

Contrary to what defendants claim, according to the Eleventh Circuit Court of Appeals, the case was precluded from Removal because all parties had not joined in the Removal, and still have not joined. **"The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir.2001). (a) Signature.**[13] Further, "all uncertainties as to removal jurisdiction

---

[13] Fed.R.Civ.P. Rule 11(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.

are to be resolved in favor of remand," *Russell Corp.*, 264 F.3d at 1050. The last-served defendant rule "permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)." *Bailey*, 536 F.3d at 1209. "Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that **a notice of removal must have the unanimous consent of the defendants**." Id. at 1207. In the case at bar, it matters not whether it is from the date of the first or last defendant, all defendants were served the same day. This case, clearly has never been removable. It was improperly removed. Defendants have attempted to claim that Popular is no longer in business, they have again lied to the court. See *Exhibit A* which clearly shows that Popular is still in existent, and doing well in New Jersey, as Plaintiff's complaint showed [Comp.,pp.4, ¶7].

Respectfully submitted this 6th day of March, 2011

By: _____

CHRISTINE STONE, Pro Se
2604 Canopy Lane
Marietta, GA 30066
(678) 427-2888

17

## DECLARATION OF CHRISTINE T. STONE

I, Christine T. Stone, declare, under penalty of perjury, that I am over the age of twenty-one (21), and competent to testify. I further declare that the foregoing Brief, is true and correct, that the Exhibits attached hereto came from either The Georgia Superior Court Clerks' Cooperative Authority, Georgia Attorney General Sam Olens' website, or from the defendants themselves.

I have reviewed what I have written, and, from first hand knowledge state that everything contained herein is true and correct to my knowledge and belief.

Christine T. Stone


## CERTIFICATE OF COMPLIANCE

Plaintiff, Ms. Stone, hereby Certifies that this ***Plaintiff's Reply to Prommis Defendants' Opposition to Plaintiff's Motion to Remand*** has been prepared using 14 point, Times New Roman font, in accordance with L.R.5.1,N.D.Ga.

CHRISTINE STONE

## CERTIFICATE OF SERVICE

I hereby Certify that I have this 6th day of March, 2011, served a true and correct

copy of the foregoing *Plaintiff's Reply to Prommis Defendants' Opposition to*

*Plaintiff's Motion to Remand* upon defendants, through their attorneys on file, by

causing to be deposited with USPS, First Class Mail, proper postage affixed and

addressed as follows:

**Kelly Lane Atkinson**
Troutman Sanders, LLP
Suite 5200 Bank of America Plaza
600 Peachtree St., N.E.
Atlanta, GA  30308-2216

**John H. Williamson**
Morris Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Rd., N.E.
Atlanta, GA  30326-1044

Christine Stone

## INDEX TO EXHIBITS [1]

EXHIBIT 1: Proof of Service From Georgia Secretary of State's Office

EXHIBIT 2: August 12, 2003 Waiver of Borrower's Rights

EXHIBIT 3: December 17, 2004 Waiver of Borrower's Rights

EXHIBIT 4: June 02, 2008 Assignment signed by robo-signer Victor Parisi

EXHIBIT 5: April 13, 2010 Corrective Assignment

EXHIBIT 6: Deed Under Power

EXHIBIT 7: Power of Attorney

---

[1] Exhibits have complete explanation, 2-6 explains why the document is fraudulent

# EXHIBIT 1

Proof of Service upon Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc. and Popular Financial Services, LLC./Popular Mortgage Servicing, Inc.

All three defendants were served through the Georgia Secretary of State's Office.  Plaintiff received the documentation from the Secretary of State's office the week of March 1, 2011.

# Secretary of State

**Corporations Division**

**Suite 315, West Tower**

**2 Martin Luther King Jr. Dr.**

**Atlanta, Georgia  30334-1530**

| | | |
|---|---|---|
| DATE FILED | : | DECEMBER 14, 2010 |
| DOCKET NUMBER | : | 110560003 |
| LOCATION | : | COBB COUNTY SUPERIOR COURT |
| FEE | : | $10.00 |

**FILING PERSON:**

**CHRISTINE STONE**
**2604 CANOPY LANE**
**MARIETTA. GA 30066**

## ACKNOWLEDGEMENT OF RECEIPT

I, **Brian P. Kemp,**  the Secretary Of State of the State of Georgia, do hereby acknowledge the receipt of copies of legal documents relating to service of process upon the following:

### THE BANK OF NEW YORK MELLON, N.A.
### COBB COUNTY SUPERIOR COURT
### CA# 1011113934 - SERVICE VIA O.C.G.A. 53-12-323

Said documents are filed with the Secretary Of State under the docket number referred to above. If certified copies are requested, the request must be made by docket number.



$B = P. L$

BRIAN P. KEMP
Secretary of State

**Secretary of State**

**Corporations Division**

**Suite 315, West Tower**

**2 Martin Luther King Jr. Dr.**
**Atlanta, Georgia 30334-1530**

DATE FILED : DECEMBER 14, 2010
DOCKET NUMBER : 110560001
LOCATION : COBB COUNTY SUPERIOR COURT
FEE : $10.00

**FILING PERSON:**

**CHRISTINE STONE**
**2604 CANOPY LANE**
**MARIETTA, GA 30066**

### ACKNOWLEDGEMENT OF RECEIPT

I, **Brian P. Kemp,** the Secretary Of State of the State of Georgia, do hereby acknowledge
the receipt of copies of legal documents relating to service of process upon the following:

### POPULAR MORTGAGE SERVICING, INC.
### COBB COUNTY SUPERIOR COURT
### CA# 1011113934 - SERVICE VIA O.C.G.A. 14-2-1520(C)

Said documents are filed with the Secretary Of State under the docket number referred to above.
If certified copies are requested, the request must be made by docket number.



$B = P. L$

BRIAN P. KEMP
Secretary of State

**Secretary of State**

**Corporations Division**

**Suite 315, West Tower**

**2 Martin Luther King Jr. Dr.**

**Atlanta, Georgia  30334-1530**

| | |
|---|---|
| DATE FILED | : DECEMBER 14, 2010 |
| DOCKET NUMBER | : 110560002 |
| LOCATION | : COBB COUNTY SUPERIOR COURT |
| FEE | : $10.00 |

**FILING PERSON:**

**CHRISTINE STONE**
**2604 CANOPY LANE**
**MARIETTA, GA 30066**

### ACKNOWLEDGEMENT OF RECEIPT

I, **Brian P. Kemp,**  the Secretary Of State of the State of Georgia, do hereby acknowledge the receipt of copies of legal documents relating to service of process upon the following:

### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
### COBB COUNTY SUPERIOR COURT
### CA# 1011113934 - SERVICE VIA O.C.G.A. 14-2-1510(B)

Said documents are filed with the Secretary Of State under the docket number referred to above. If certified copies are requested, the request must be made by docket number.



B = P. L

BRIAN P. KEMP
Secretary of State

# EXHIBIT 2

Deed Book 13830 Pg.2634:
Grantor: Christine T. Stone    Lender: Washington Mutual Bank, FA
Date: August 12, 2003:

Name of Document: Waiver of Borrower's Rights
Shows the following:

2 Different Notaries:
ONE PERSON SIGNED AS BOTH NOTARIES!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!
SAME PERSON SIGNED AS NOTARIES AND CLOSING ATTORNEY!!!!!!!

Daniel O. Duncan for which there is no witness, Notary, allegedly witnessed and
Notarized Christine's signature, THERE IS NO DATE that the Notary witnessed
the signing, merely states:

"Signed, Seled and delivered in the presence of:"    THE SIGNATURE IS
ILLEGIBLE

Christine Stone's Name is not sealed, which shows on document is to be sealed.

Deborah Diane Walker for which there is no other witness, allegedly witnessed and
Notarized Closing attorney's signature.

NOTE:    **WALKER'S NOTARY SEAL WAS ON DOCUMENT BEFORE
THE DOCUMENT WAS PRINTED as the words are on top of the seal.** In
other words, THERE WAS A PIECE OF PAPER, WITH WALKER'S STAMP
ALREADY ON BOTTOM OF BLANK PIECE OF PAPER, THEN WAIVER OF
BORROWER'S RIGHTS WHOLE DOCUMENT WAS PRINTED ON PIECE OF
PAPER. SAME PERSON SIGNED AS NOTARY DANIEL DUNCAN, SIGNED
AS NOTARY DEBORAH DIANE WALKER OVER NOTARY STAMP. ALSO
THE WORDS: "Sworn to and subscribed by me on the 12th day of August, 2003"

<u>IS PRINTED ON TOP OF NOTARY SEAL</u>; as does the word <u>"Borrower's" at top of Notary Seal</u>. **NO WITNESS**

Closing attorney's signature is non existing, simply a mark that looks like a lopsided O; No other indication of what the closing attorney's name is.

**GEORGIA-CONVENTIONAL**

Deed Book 13830 Pg 2634
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

**GRANTOR:  CHRISTINE T. STONE**

**LENDER:   WASHINGTON MUTUAL BANK, FA**

**DATE OF SECURITY DEED:   August 12, 2003**.

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY:(1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF PARAGRAPH 21 HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED IN PARAGRAPH 21 HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND PARAGRAPH 21 OF THIS DEED AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

O.C.G.A. SECTION 7-1-1014 (3) REQUIRES THAT WE INFORM YOU THAT IF YOU FAIL TO MEET ANY CONDITION OR TERM OF THE DOCUMENTS THAT YOU SIGN IN CONNECTION WITH OBTAINING A MORTGAGE LOAN YOU MAY LOSE THE PROPERTY THAT SERVES AS COLLATERAL FOR THE MORTGAGE LOAN THROUGH FORECLOSURE.

**READ AND AGREED BY GRANTOR:**

Signed, Sealed and delivered
In the presence of:

_____ (Sgnd) Hone
CHRISTINE T. STONE Grantor

_____(Seal)
Grantor

_____(Seal)
Grantor

_____(Seal)
Grantor

NOTARY [seal: O. DUNCAN, COM. EXP., NOTARY PUBLIC, Sep. 17, 20__, COUNTY, GEO]

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney or agent, who having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Acknowledgement and Waiver of Borrower's Rights" by the Borrower, a representative of the firm reviewed with and explained to the Borrower the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Acknowledgement and Waiver of Borrower's Rights" and informed the Borrower of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower of Borrower's rights. After said review with and explanation to Borrower, Borrower executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review and explanation to the Borrower, it is my opinion that Borrower knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me
on the 12th day of August, 2003.

[seal: DIANE, NOTARY, GEORGIA, MARCH, PUBLIC, __EE COUNTY]

_____
Notary Public

_____
Closing Attorney

# EXHIBIT 3

Deed Book 14089 Pg. 1939

Grantor: CHRISTINE T. STONE
Lender: POPULAR FINANCIAL SREVICES, IIC
                    *(NOTE:  should have been  LLC)
Date:  December 17, 2004

Name of Document:  **Waiver of Borrower's Rights**
Shows the following:

Several different typestyles, indicating a manipulated document,

Borrower's Name is misspelled, Christine **I** Stone, incorrect (both signature lines);

Stone's Name is Not Sealed;

Nowhere did the Notary indicate a date the document is Notarized;

Second Notary, signed above First Notary's name where First Notary Notarized
the document;

First Notary:  Kenneth L. Chalker, Jr. the closing attorney (whose signature is also
illegible) signed as Notary, the signature showing in no way can be construed as
being Kenneth L Chalker Jr.

Second Notary. Stamp appears to have been manipulated, and that signature can in
no way be construed as saying "Bonnie G. Willis".  In GA the Notary must sign
their name exactly as their Stamp/Seal is shown.

Deed Book 14089 Pg 1939
Clerk of Superior Court Cobb Cty, Ga.

GEORGIA -
GRANTOR: CHRISTINE T. STONE

LENDER: Popular Financial Services, LLC

DATE OF SECURITY DEED: December 17, 2004

### WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, Sealed and delivered in the presence of;



_____ (Seal)
CHRISTINE T. STONE                     -Grantor

_____ (Seal)
                                       -Grantor

_____ (Seal)
                                       -Grantor

_____ (Seal)
                                       -Grantor

### CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me on the date set forth above.

_____           _____
                                    Closing Attorney

### FORECLOSURE/CLOSING DISCLOSURE

O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.

_____
CHRISTINE T. STONE

# EXHIBIT 4

Book: 14612 Pg: 4588

**FILED JUNE- 02-2008**

Return to Prommis Solutions, LLC

Sale Date: 06/03/2008
March 09-2008 Signed by NOTORIOUS ROBO SIGNER VICTOR PARISI

**Document: Assignment**
STATE OF **Is Left Blank**
COUNTY OF **is left Blank**

MERS as nominee for Popular Financial Services, LLC to The Bank Of New York
as Trustee for Equity One Inc. Mortgage/pass through certificate series #2005-2, as
Assignee, assigns all its rights in security deed executed by Christine T Stone to
MERS, as nominee for Popular Financial Services, LLC dated December 17, 2004,
recorded in Deed Book 14089, Page 1920, Cobb County, Georgia Records

Popular nominated MERS, who gave to BNY as trustee for Equity 1 certificates
2005-2

Cannot read the Unofficial Witness illegible, Notary Public illegible, stamps non-
existent, Notary exp. Non-existent.

Signed for MERS by **Victor Parisi** as Vice President Default Operations.

NOTE:    There is no Power of Attorney showing that **Victor Parisi** has
authorization to act for either MERS or POPULAR FIANACIAL

Further:  **Stone's Assignment document is dated JUNE 03, 2008**; One month
later, in **New York Supreme Court, ON THE 11TH DAY OF JULY, 2008**

# JUDGE SCHACK NEW YORK SUPREME COURT HAS NAME PARISI A

## ROBO-SIGNER see

HASBC BANK USA, NATIONAL ASSOCIATION v PERBOO:   Honorable

Judge Schack Ordered:

> "Further, HSBC must satisfactorily explain to the Court why:
> **Victor F. Parisi** assigned the instant mortgage to HSBC, and
> subsequently executed the affidavit and amount due for assignee
> HSBC; HSBC purchased a nonperforming loan; and why HSBC
> shares office space with other corporate entities in Cherry Hill,
> New Jersey.
>
> The application contains an "affidavit of merit and amount due," by
> **Victor F. Parisi**, who states that he is "the Vice-President of,
> EQUITY ONE, INC. [EQUITY ONE] AS AUTHORIZED
> SERVICER FOR HSBC BANK, USA, NATIONAL
> ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S
> CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1,
> Plaintiff." For reasons unknown to the Court, plaintiff HSBC has
> failed to provide any power of attorney authorizing EQUITY ONE
> to proceed on HSBC's behalf with the instant foreclosure action.
> Therefore, the proposed order of reference must be denied... by
> providing an "affidavit made by the party."...someone with a valid
> power of attorney from HSBC.
>
> Further,, plaintiff must address a second matter...as noted above,
> **Victor F. Parisi**, in his affidavit, dated December 14, 2007, states
> he is Vice President of EQUITY ONE. Yet, the September 28,
> 2007 assignment from MERS as nominee for PEOPLE'S CHOICE
> to HSBC is assigned by the same **Victor F. Parisi**, as Vice
> President of MERS. In my November 20, 2007 decision and order
> in HSBC BANK USA, NATIONAL ASSOCIATION AS
> TRUSTEE FOR NOMURAN HOME EQUITY LOAN, INC.
> ASSET-BACKED CERTIFICATES SERIES 2006-FM2 v
> SANDOVAL, Index Number 8758/07, the same **Victor F. Parisi**
> assigned the underlying mortgage and note as Vice President of
> MERS to HSBC on March 13, 2007, and then signed the affidavit
> of merit as vice President of EQUITY ONE, authorized servicer for

HSBC, the next day, March 14, 2007.  Did **Mr. Parisi** change his employment from March 13, 2007 to March 14, 2007, and again from September 28, 2007 to December 14, 2007?  The Court is concerned that Mr. Parisi might be engage in a subterfuge, wearing various corporate hats….the Court requires an affidavit from **Mr. Parisi** describing his employment history for the past three years."

"**Mr. Parisi**, must have, as plaintiff's agent, a valid power of attorney from HSBC to EQUITY ONE for that express purpose. Additionally, if a power of attorney is presented…and it refers to pooling and servicing agreements, the Court needs a properly offered copy of the pooling and servicing agreements, to determine if the servicing agent may proceed on behalf of the plaintiff."

Deed Book 14612 Pg 4588
Filed and Recorded Jun-02-2008 10:47am
2008-0074534

Jay C. Stephenson
Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

Our File No.: 11257008-FT10
Debtor: Christine T. Stone
Sale Date: 06/03/2008

Return to
Promunis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

**ASSIGNMENT**

STATE OF

COUNTY OF

For value received, Mortgage Electronic Registration Systems, Inc. as nominee for Popular Financial Services, LLC has this day transferred, sold, assigned, conveyed and set over to The Bank of New York as Trustee for Equity One Inc. Mortgage/pass through certificate series # 2005-2, whose address is 121 Woodcrest Road, Cherry Hill, NJ 08053, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Christine T. Stone to Mortgage Electronic Registration Systems, Inc. as nominee for Popular Financial Services, LLC, dated December 17, 2004, recorded in Deed Book 14089, Page 1920, Cobb County, Georgia Records.

Property Address: 2604 Canopy Lane, Marietta, Georgia 30066

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this March 9, 2008.

Signed, sealed and delivered
in the presence of:

Unofficial Witness

Notary Public
My Commission Expires:

XELLY's's's's1
i²⁻                 'i'i's''s''s'²
Sun's's's's         i'i''s''²

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR POPULAR
FINANCIAL SERVICES, LLC

By: Victor Parlet
Vice President Default Operations
Title:

By:

Title:
(Corporate Seal)

N.P.
SF/L

http://law.justia.com/cases/new-york/other-courts/2008/2008-51385.html

July, 2008 > HSBC Bank USA v Perboo
HSBC Bank USA v Perboo. Other Courts, New York

[*1] HSBC Bank USA v Perboo 2008 NY Slip Op 51385(U) [20 Misc 3d 1117(A)]
Decided on July 11, 2008 Supreme Court, Kings County
Schack, J. Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

Decided on July 11, 2008
Supreme Court, Kings County

HSBC Bank USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1, Plaintiff, against Marcie Perboo et. al., Defendants.
38167/07

Appearances:
Plaintiff: Alan Weinreb PLLC Syosset NY

Defendant: Defendant did not answer in this motion for an order of reference

Arthur M. Schack, J.

Plaintiff's application, upon the default of all defendants, for an order of reference, for the premises located at 689 Eldert Lane, Brooklyn, New York (Block 4274, Lot 14, County of Kings) is denied without prejudice. The "affidavit of merit" submitted in support of this application for a default judgment is not by an officer of the plaintiff or someone with a power of attorney from the plaintiff. Leave is granted to plaintiff HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1 [HSBC], to renew its application for an order of reference upon presentation to the Court of compliance with the statutory requirements of CPLR § 3215 [*2](f), with "an affidavit of facts" executed by someone who is an officer of HSBC or has a valid power of attorney from HSBC. Further, HSBC must satisfactorily explain to the Court why: **Victor F. Parisi** assigned the instant mortgage to HSBC, and subsequently executed the affidavit and amount due for assignee HSBC; HSBC purchased a nonperforming loan; and, why HSBC shares

Exhibit 4 Judge Schack        1

office space with other corporate entities in Cherry Hill, New Jersey.

Background

Defendant MARCIE PERBOO borrowed $312,000.00 from PEOPLE'S CHOICE HOME LOAN, INC. (PEOPLE'S CHOICE), on June 1, 2006. The note and mortgage were recorded in the Office of the City Register, New York City Department of Finance on July 26, 2006 at City Register File Number (CRFN) 2006000424184. PEOPLE'S CHOICE, by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), its nominee for the purpose of recording the mortgage, assigned the note and mortgage to plaintiff HSBC, on September 28, 2007, with the assignment recorded on January 31, 2008 at CRFN 2008000042701.

Plaintiff's moving papers for an order of reference fails to present an "affidavit made by the party," pursuant to CPLR § 3215 (f). The application contains an "affidavit of merit and amount due," by **Victor F. Parisi**, who states that he is "the Vice-President of, EQUITY ONE, INC. [EQUITY ONE] AS AUTHORIZED SERVICER FOR HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1, Plaintiff." For reasons unknown to the Court, plaintiff HSBC has failed to provide any power of attorney authorizing EQUITY ONE to proceed on HSBC's behalf with the instant foreclosure action. Therefore, the proposed order of reference must be denied without prejudice. Leave is granted to plaintiff HSBC to comply with CPLR § 3215 (f) by providing an "affidavit made by the party," whether by an officer of HSBC or someone with a valid power of attorney from HSBC.

Further, plaintiff must address a second matter if it renews its application for an order of reference upon compliance with CPLR § 3215 (f). In the instant action, as noted above, **Victor F. Parisi**, in his affidavit, dated December 14, 2007, states he is Vice President of EQUITY ONE. Yet, the September 28, 2007 assignment from MERS as nominee for PEOPLE'S CHOICE to HSBC is signed by the same **Victor F. Parisi**, as Vice President of MERS. In my November 20, 2007 decision and order in HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED CERTIFICATES SERIES 2006-FM2 v SANDOVAL, Index Number 8758/07, the same **Victor F. Parisi** assigned the underlying mortgage and note as Vice President of MERS to HSBC on March 13, 2007, and then signed the affidavit of merit as Vice President of EQUITY ONE, authorized servicer for HSBC, the next day, March 14, 2007.

Exhibit 4 Judge Schack          2

Did Mr. Parisi change his employment from March 13, 2007 to March 14, 2007, and again from September 28, 2007 to December 14, 2007? The Court is concerned that Mr. Parisi might be engaged in a subterfuge, wearing various corporate hats. Before granting an application for an order of reference, the Court requires an affidavit from Mr. Parisi describing his employment history for the past three years.

Also, while MERS served as nominee for PEOPLE'S CHOICE, the mortgage servicer for the PERBOO mortgage was POPULAR MORTGAGE SERVICING, INC. [POPULAR], [exhibit B of application - July 24 default letter to PERBOO], whose address is 121 Woodcrest Road, Cherry Hill, New Jersey 08003. The MERS as nominee for PEOPLE'S CHOICE to [*3]HSBC assignment lists HSBC's address as 121 Woodcrest Road, Cherry Hill, New Jersey 08003. The instant verified complaint [part of exhibit B of application] states that EQUITY ONE'S address is 121 Woodcrest Road, Cherry Hill, New Jersey 08003. How convenient to have the assignor's servicer, the assignee's servicer and the assignee all at the same address. This makes for one-stop shopping! The Court needs to know what corporate chicanery is being played at 121 Woodcrest Road, Cherry Hill, New Jersey 08003. Is the building large enough to house POPULAR, EQUITY ONE, MERS and HSBC under the same roof? Is there enough closet space to store Mr. Parisi's various corporate hats?

Last, the verified complaint notes, in ¶ 6, that defendant PERBOO defaulted with her February 1, 2007 principal and interest payment. The first sentence in the July 24, 2007-POPULAR default letter to defendant PERBOO states "[p]lease be advised that your account is presently in default." On September 28, 2007, 240 days after the instant mortgage loan ceased to perform, and 72 days subsequent to the POPULAR default letter to PERBOO, plaintiff HSBC accepted the assignment of the instant nonperforming loan from MERS as nominee for PEOPLE'S CHOICE. The Court needs a satisfactory explanation of why HSBC, whose directors have a fiduciary responsibility to HSBC's shareholders, purchased a nonperforming loan from MERS as nominee for PEOPLE'S CHOICE, in an affidavit by an officer of HSBC.

Discussion

Real Property Actions and Proceedings Law (RPAPL) § 1321 allows the Court in a foreclosure action, upon the default of the defendant or defendant's admission of mortgage payment arrears, to appoint a referee "to compute the amount due to the plaintiff." In the instant action, plaintiff's application for an order of reference is a

Exhibit 4 Judge Schack        3

preliminary step to obtaining a default judgment of foreclosure and sale. (Home Sav. Of Am., F.A. v Gkanios, 230 AD2d 770 [2d Dept 1996]).

Plaintiff has failed to meet the clear requirements of CPLR § 3215 (f) for a default judgment.

On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney. [Emphasis added].

Plaintiff has failed to submit "proof of the facts" in "an affidavit made by the party." The "affidavit of facts" is submitted by **Victor F. Parisi**, "Vice-President of, EQUITY ONE, INC. AS AUTHORIZED SERVICER FOR HSBC." Mr. Parisi, must have, as plaintiff's agent, a valid power of attorney from HSBC to EQUITY ONE for that express purpose. Additionally, if a power of attorney is presented to this Court and it refers to pooling and servicing agreements, the Court needs a properly offered copy of the pooling and servicing agreements, to determine if the servicing agent may proceed on behalf of plaintiff. (EMC Mortg. Corp. v Batista, 15 Misc 3d 1143 (A) [Sup Ct, Kings County 2007]; Deutsche Bank Nat. Trust Co. v Lewis, 14 Misc 3d 1201 [*4](A) [Sup Ct, Suffolk County 2006]).

Also, the instant application upon defendants' default must be denied because even though it contains a verified complaint, the attorney's verification is insufficient to meet the requirements of CPLR § 3215 (f). The Court, in Mullins v Di Lorenzo, 199 AD2d 218 [1st Dept 1993], instructed that "a complaint verified by counsel amounts to no more than an attorney's affidavit and is therefore insufficient to support entry of judgment pursuant to CPLR 3215." Citing Mullins v Di Lorenzo, the Court, in Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994], held that a complaint with not more than an attorney's affidavit, for purposes of entering a default judgment "was erroneous and must be deemed a nullity." Professor David Siegel, in his Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR C3215: 16) explains that Mullins v Di Lorenzo

is in point here. Perhaps the verified complaint can do service as an affidavit for various purposes within the litigation while the contest is on . . . but it will not

Exhibit 4 Judge Schack          4

suffice to put an end to the contest with as drastic a step as a default at the outset. It must be kept in mind that even an outright "affidavit" by the plaintiff's attorney on the merits of the case except in the relatively rare circumstances in which the attorney happens to have first-hand knowledge of the facts lacks probative force and is usually deemed inadequate by the courts to establish the merits. A fortiori, a verified pleading tendered as proof of the merits would also lack probative force when the verification is the attorney's. [Emphasis added]

In Blam v Netcher, 17 AD3d 495, 496 [2d Dept 2005], the Court reversed a default judgment granted in Supreme Court, Nassau County, holding that:

In support of her motion for leave to enter judgment against the defendant upon her default in answering, the plaintiff failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts (see CPLR 3215 (f): Goodman v New York City Health & Hosps. Corp. 2 AD3d 581 [2d Dept 2003]; Drake v Drake, 296 AD2d 566 [2d Dept 2002]; Parratta v McAllister, 283 AD2d 625 [2d Dept 2001]).

Accordingly, the plaintiff's motion should have been denied, with leave to renew on proper papers (see Henriquez v Purins, 245 AD2d 337, 338 [2d Dept 1997]). (See Hazim v Winter, 234 AD2d 422 [2d Dept 1996]; Finnegan v Sheahan, 269 AD2d 491 [2d Dept 2000]; De Vivo v Spargo, 287 AD2d 535 [2d Dept 2001]; Peniston v Epstein, 10 AD3d 450 [2d Dept 2004]; Taebong Choi v JKS Dry Cleaning Eqip. Corp., 15 AD3d 566 [2d Dept 2005]; Matone v Sycamore Realty Corp., 31 AD3d 721 [2d Dept 2006]; Crimmins v Sagona Landscaping, Ltd., 33 AD3d 580 [2d Dept 2006]).

Therefore, the instant application for an order of reference is denied without prejudice, with leave to renew. The Court will grant plaintiff HSBC an order of reference when it submits: an affidavit by either an officer of HSBC or someone with a valid power of attorney from HSBC, possessing personal knowledge of the facts; an affidavit from **Victor F. Parisi** clarifying his employment and what corporation he serves as an officer; and an affidavit from an officer of [*5]HSBC explaining why HSBC purchased a nonperforming loan from MERS as nominee for PEOPLE'S CHOICE, and why HSBC, MERS, POPULAR and EQUITY ONE all share office space at 121 Woodcrest Road, Cherry Hill, New Jersey 08003.

Conclusion

Accordingly, it is ORDERED, that the application of plaintiff, HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1, for an order of

Exhibit 4 Judge Schack          5

reference for the premises located at 689 Eldert Lane, Brooklyn, New York (Block 4274, Lot 14, County of Kings), is denied without prejudice; and it is further ORDERED, that leave is granted to plaintiff, HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1, to renew its application for an order of reference for the premises located at 689 Eldert Lane, Brooklyn, New York (Block 4724, Lot 14, County of Kings), upon presentation to the Court, within forty-five (45) days from the date of this decision and order, of: an affidavit of facts executed by an officer of HSBC or someone who has a valid power of attorney from HSBC; an affidavit by **Victor F. Parisi**, describing his employment history for the past three years; and, an affidavit from an officer of plaintiff HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1, explaining why **Victor F. Parisi**, who assigned the instant mortgage and loan to plaintiff, submitted an affidavit of facts on behalf of plaintiff, why plaintiff HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2006-1, purchased a nonperforming loan from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for PEOPLE'S CHOICE HOME LOAN, INC., and why HSBC BANK USA, NATIONAL ASSOCIATION shares office space at 121 Woodcrest Road, Cherry Hill, New Jersey 08003 with MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., POPULAR MORTGAGE SERVICING, INC., and EQUITY ONE, INC.

This constitutes the Decision and Order of the Court.

ENTER

HON. ARTHUR M. SCHACK ¶
J. S. C.

Exhibit 4 Judge Schack        6

# **EXHIBIT 5**

**DOCUMENT**
"FOR DUP SEE DE'BOOK 14765 PAGE 1907 hmg

Appears to be a Corrective Assignment to correct the assignee entity to read: The Bank of New York Mellon f/k/a The Bank of New York as successor to JP Morgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2*

Debtor Christine T. Stone
Signed;     **October 30, 2009**
Sale Date**: 02/02/2010**
FILED **APRIL 13, 2010**

Cross Reference
Deed Book: 14612, Page 4588
Cobb County Records

STATE OF (handwritten) **TEXAS**
COUNTY OF (handwritten) **Harris**

MERS transferred, sold, assigned, conveyed to The Bank of New York Mellon f/k/a The Bank of New York as successor to JP Morgan Chase Bank, N.A., as trustee for the benefit of Cerificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2, Security Deed by Christine T. Stone to MERS December 17, 2004 in Deed Book 14089, Page 1920, Cobb County, Georgia Records.

The Assignor herein specifically transfers, sells, conveys, and assigns to the above Assignee the aforesaid Security Deed

The Assignor this day sold and assigned to the Assignee herein the note secured by the aforesaid security deed

**SIGNED ON:  October 30, 2009**

**SIGNED BY:**

**Mortgage Electronic Registration Systems, Inc.**

By:          **Illegible Signature**

Printed Name: **Marti Noriega**          **Note: Stamped On**

Title:          **Assistant Vice President Note: Stamped On**

And

By:          **Illegible Signature**

Printed Name: **Denise Bailey**          **Note: Stamped On**

Title:          **Assistant Secretary**          **Note: Stamped On**

(Corporate Seal) **MISSING**

FOR DUP SEE
DE 'Book 14765 Page 1907    hmg

**\*Corrective\* Assignment** is being recorded to correct assignee entity to read as follow: The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2"

Our File No.: 5775000-FTB
Debtor: Christine T. Stone
Sale Date: 02/02/2010

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

Cross Reference
Deed Book: 14012, Page 4588
Cobb County Records

STATE OF  Texas

COUNTY OF  Harris

\*Corrective\*
ASSIGNMENT

For value received, Mortgage Electronic Registration Systems, Inc. has this day transferred, sold, assigned, conveyed and set over to The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2, whose address is 4828 Loop Central Drive, Houston, TX 77081, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Christine T. Stone to Mortgage Electronic Registration Systems, Inc., dated December 17, 2004, recorded in Deed Book 14080, Page 1920, Cobb County, Georgia Records.

Property Address: 2604 Canopy Lane, Marietta, GA 30066

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this October 30, 2009.

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public
My Commission Expires: 3/14/2011

MAITE M. MILLER
Notary Public, State of Texas
My Commission Expires
March 14, 2011

Mortgage Electronic Registration Systems, Inc.

By: _____
Printed Name:
Title:

By: _____
Printed Name:
Title: ASSISTANT SECRETARY
(Corporate Seal)

Deed Book 14765 Pg 1906
Filed and Recorded Apr-05-2010 10:16am
2010-0053305

Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

# EXHIBIT 6

**Deed Under Power**
Filed April 13, 2010

**Deed recorded simultaneously with correct assignment**
Cross Index to Deed Book 14089, Page 1920 Cobb County, Georgia Records:

STATE OF **Blank**

County of **Blank**

**Deed Under Power**

2nd day of February, 2010 by Christine T. Stone through Attorney in Fact **(No POA included)**, The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2 by assignment recorded in **Deed Book 14765\*, Page 1906\* NOTE (Deed Book numbers are handwritten in, as is Page numbers)**

\*\*The documents provided by defendants for Deed Under Power is missing page 3 page 4:

The Bank of New York Mellon successor to JPMorgan Chase Bank, N.A., as trustee for Certificateholders of Popular ABS. Inc. Mortgage Pass-Through Certificates Series 2005-2

AS ATTORNEY IN FACT for

Christine T. Stone

Execution by the lender through its Attorney in Fact, Litton Loan Servicing, LP as attorney in Fact for The Bank of New York Mellon...successor to JPMorgan Chase Bank, N.A. as trustee fdor Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2, published in Deed Book 14669, Page

2521 Cobb County, Georgia Records

**By: Diane Dixon** (hand signed)

**Print Name:** Diane Dixon **(Stamped)**

**Title:** Assistant **(handwritten)** Vice President **(stamped)**

**By: Denise Bailey** (hand signed)

**Print Name:** Denise Bailey **(stamped)**

**Title:** Assistant Secretary **(stamped)**

**(CORPORATE SEAL) SEAL IS MISSING**

**Wintess: illegible**

**Natory Public: TEXAS**



Deed Book 14765 Pg 1907
Filed and Recorded Apr-17-2010 10:16am
2010-0053307
Real Estate Transfer Tax $0.00

Jay C. Stephenson
Clerk of Superior Court Cobb Cty, Ga.

\* Deed is being recorded simultaneously with Correct assignment to correct assignee entity deed book and page where the \* are placed\*

Return To:

Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

CROSS INDEX TO DEED
BOOK 14089, PAGE 1920,
COBB COUNTY,
GEORGIA RECORDS

STATE OF
COUNTY OF

### DEED UNDER POWER

THIS INDENTURE, made this 2nd day of February, 2010, by Christine T. Stone (hereinafter collectively referred to as "Borrower"), acting through this duly appointed attorney in fact. The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2 (hereinafter referred to as "Lender"), as Party of the First Part, and The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2, as Party of the Second Part:

## WITNESSETH:

WHEREAS, Borrower executed and delivered that certain Security Deed given by Christine T. Stone to Mortgage Electronic Registration Systems, Inc., dated December 17, 2004, recorded in Deed Book 14089, Page 1920, Cobb County, Georgia Records, as last transferred to The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2 by assignment recorded in Deed Book 14765\*, Page 1906 \*, Cobb County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of SEVEN HUNDRED FIFTY THOUSAND AND 0/100 DOLLARS ($750,000.00);

WHEREAS, default in the payment of the required installments under said Note occurred, and by reason of said default, Lender elected, pursuant to the terms of the Security Deed and Note, and declared the entire principal and interest immediately due and payable; and

Page 1   McCalla Raymer, LLC 5775009-FT8/tmh
02/02/10

WHEREAS, said entire indebtedness still being in default, Lender on behalf of Borrower, and according to the terms of said Security Deed, did advertise said property for sale once a week for 4 weeks immediately preceding said sale in a newspaper in Cobb County, Georgia, wherein the Sheriff carried his advertisements, namely the The Marietta Daily Journal; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. Section 44-14-162.2 and Section 44-14-162.4. The notice so required was rendered by mailing a copy of the Notice of Sale submitted to the publisher to the "Debtor" (as that term is defined in O.C.G.A. Section 44-14-162.1) at least thirty days prior to the foreclosure sale date on February 2, 2010; and

WHEREAS, Lender did expose said property for sale to the highest bidder for cash on the first Tuesday in February, 2010 within the legal hours of sale at the usual place for conducting Sheriff's sales in Cobb County before the Courthouse door, and offered said property for sale at public outcry to the highest bidder for cash when and where the aforesaid Party of the Second Part bid SIX HUNDRED FIFTY THOUSAND AND 0/100 DOLLARS ($650,000.00); AND

WHEREAS, the said property was knocked off to the Party of the Second Part for the aforementioned sum of money in cash.

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said party's representatives, heirs, successors and assigns, the following described property:

All that tract or parcel of land lying and being in Land Lot 23 of the 16th District, 2nd Section, Cobb County, Georgia, being Lot 22, Tanglewood North, as per Plat recorded in Plat Book 197, Page 29, in the Office of the Clerk of Superior Court of Cobb County, which recorded Plat is incorporated herein by reference and made a part of this description.

TOGETHER WITH all and singular the rights, members and appurtenances thereto appertaining, also all the estate, right, title, interest, claim or demand of the Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the said Party of the Second Part, and said party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in so full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

Page 2         McCalla Raymer, LLC 5775009-FT8/cmb
               02/02/10

Bed Bept 14765 Pj 1909
Jay L. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

IN WITNESS WHEREOF, Lender as Agent and Attorney in Fact for Borrower has hereunto affixed Lender's hand and seal as of the day and year first above written.

The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2

as Attorney in Fact for

Christine T. Stone

Witness the execution hereof by the lender through its duly authorized Attorney-in-Fact, Litton Loan Servicing, LP as attorney in fact for The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2, whose appointment was published in Deed Book 14765 Page 5521 Cobb County, Georgia Records

By: _____
Print Name: Diane Dixon
Title: Assistant Vice President

By: _____
Print Name: Denise Bailey
Title: Assistant Secretary

(CORPORATE SEAL)

CORPORATE SEAL

Signed, sealed and delivered in the presence of:

Witness

Notary Public

My Commission Expires:

MONICA HARRAWAY
Notary Public
STATE OF TEXAS
My Comm. Exp.

Loan # 40836041

Page 4

McCalla Raymer, LLC
5775000-FTU/amb
02/02/10

# **EXHIBIT 7**

## **POA:**

Filed Deed Book 14669 Pg 2521 on February 26, 2009

Litton Loan Servicing became servicer from sale between Goldman Sachs Mortgage Company, Goldman Sachs & Co., Litton Loan Servicing, LP, as purchasers Popular Mortgage Servicing, Inc., Equity One, Incorporated. Equity One Consumer Loan Company, Inc., E-LOAN Auto Funded Two, LLC Popular Financial Services, LLC, Popular FS, LLC as Sellers, and Popular, Inc and Popular North America, Inc; and THE BANK OF NEW YORK MELLON, successor to JPMorgan Chase Bank, N.A., appoints Litton Loan Servicing LP Attorney In Fact.

Shows agreement date of August 29, 2008, authorized Managing Director with no name, on 28th day of January, 2009

Notarized in State of New York

County of Queens

Same day. **Notary signature illegible, no Notary Stamp**

RETURN TO:
NEEL & ROBINSON, LLC
565½ GLENRIDGE CONNECTOR
SUITE 400
ATLANTA, GA 30342

0980219V

AFTER RECORDING, RETURN TO:
MORRIS, HARDWICK, SCHNEIDER
999 WHITLOCK AVENUE
SUITE 4
MARIETTA, GA 30064
770-234-0780

NCR-0901 0013 MS

RECORDING REQUESTED BY
& AFTER RECORDING RETURN TO:
LITTON LOAN SERVICING LP
4828 Loop Central Drive
Houston, Texas 77081
Attention: Alison S. Waiss
Prepared By: K Kem P

Deed Book 14669 Pg 2521
Filed and Recorded Feb-26-2009 01:03pm
2009-0023125

Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

## POWER OF ATTORNEY

### KNOW ALL MEN BY THESE PRESENTS, that

LITTON LOAN SERVICING LP became the servicer, in connection with each Agreement listed on the Addendum attached hereto (the "Agreements"), pursuant to the Asset Purchase Agreement dated as of August 29, 2008 (the "Asset Purchase Agreement") among Goldman Sachs Mortgage Company, Goldman, Sachs & Co., Litton Loan Servicing LP, as Purchasers, Popular Mortgage Servicing, Inc., Equity One, Inc., Equity One, Incorporated, Equity One Consumer Loan Company, Inc., E-LOAN Auto Fund Two, LLC Popular Financial Services, LLC, Popular FS, LLC, as Sellers, and Popular, Inc. and Popular North America, Inc.; and

the undersigned, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor to JPMorgan Chase Bank, National Association, having its main office at 101 Barclay Street, New York, New York 10286 (the "Bank"), hereby appoints Litton Loan Servicing LP, to be the Bank's true and lawful Attorney-in-Fact (the "Attorney") to act in the name, and on behalf, of the Bank with power to do only the following in connection with the Agreements on behalf of the Bank:

    1.    The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recordings is for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued and said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured.

    2.    The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

Inv. #319 – Equity One ABS, Inc. & Popular ABS, Inc. w/Addendum

319-22 .

Deed Bok 14669 Pg 2522

3.     The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4.     The completion of loan assumption agreements and modification agreements.

5.     The full or partial satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6.     The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7.     The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8.     With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

a.     the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

b.     the preparation and issuance of statements of breach or non-performance;

c.     the preparation and filing of notices of default and/or notices of sale;

d.     the cancellation/rescission of notices of default and/or notices of sale;

e.     the taking of a deed in lieu of foreclosure; and

f.     the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e., above; and

9.     to execute any other documents referred to in the above-mentioned documents or that are auxiliary or related thereto or contemplated by the provisions thereof; and

Deed Book 14669 Pg 2523

to do all things necessary or expedient to give effect to the aforesaid documents including, but not limited to, completing any blanks therein, making any amendments, alterations and additions thereto, to endorse which may be considered necessary by the Attorney, to endorse on behalf of the Trustee all checks, drafts and/or negotiable instruments made payable to the Trustee in respect of the documents, and executing such other documents as may be considered by the Attorney necessary for such purposes.

This Power of Attorney is effective for one (1) year from the date hereof or the earlier of (i) revocation by the Bank, (ii) the Attorney shall no longer be retained on behalf of the Bank or an affiliate of the Bank; or (iii) the expiration of one year from the date of execution.

The authority granted to the attorney-in-fact by the Power of Attorney is not transferable to any other party or entity.

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without regard to its conflicts of law principles.

All actions heretofore taken by said Attorney, which the Attorney could properly have taken pursuant to this Power of Attorney, be, and hereby are, ratified and affirmed.

Inv. #319 – Equity One ABS, Inc. & Popular ABS, Inc. w/Addendum

Deed Book 14669 Pg 2524

IN WITNESS WHEREOF, The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Trustee pursuant to that Asset Purchase Agreement dated as of August 29, 2008 and pursuant to those Agreements listed on the Addendum attached hereto, and these present to be signed and acknowledged in its name and behalf by Harold Fudali its duly elected and authorized <u>Managing Director</u> this 28th day of <u>January</u>, 2009.

The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Trustee

By: _____
Name: Harold Fudali
Title: Managing Director

By: _____
Name: Ashia N. Miller
Title: Assistant Treasurer

Witness: _____
Printed Name: Kaitlyn F. McElroy

Witness: _____
Printed Name: Corey Wagner

CORPORATE SEAL

## ACKNOWLEDGEMENT

STATE OF _____New York_____          §
                                        §
COUNTY OF _____Queens_____            §


Personally appeared before me the above-named Harold Fudali and Ashia N. Miller , known or proved to me to be the same persons who executed the foregoing instrument and to be the <u>Managing Director</u> and Assistant Treasurer respectively of The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Trustee, and acknowledged that they executed the same as their free act and deed and the free act and deed of the Trustee.

Subscribed and sworn before me this 28th day of <u>January</u>, 2009.

_____
NOTARY PUBLIC

Inv. #319 - Equity One ABS, Inc. & Popular ABS, Inc. w/Addendum