IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINE STONE,                    :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :        CIVIL ACTION NO.
                                    :        1:11-CV-00081-RWS
THE BANK OF NEW YORK                :
MELLON, N.A., f/k/a THE BANK        :
OF NEW YORK TRUST CO.,              :
N.A., *et al.*,                     :
                                    :
        Defendant.                  :
                                    :


## ORDER

This case is before the Court for consideration of Plaintiff's Motion for

Temporary Restraining Order and/or Preliminary Injunction [2], Plaintiff's

Motion to Remand [7], Plaintiff's Motion for Entry of Default Against

Defendants Popular Financial Services, LLC and Popular Mortgage Servicing,

Inc. [18], Plaintiff's Motion to Recuse [27], and Defendants' Motions to

Dismiss Plaintiff's Complaint [3, 5]. After reviewing the record, the Court

enters the following Order.

## Background

On December 17, 2004, Plaintiff Christine Stone ("Plaintiff" or "Stone") obtained a mortgage from Defendant Popular Financial Services, LLC, which was serviced by Defendant Popular Mortgage Servicing, Inc. (collectively, "Popular") from December 17, 2004, until October 31, 2008. (Dkt. No. [2] at ¶ 15; Dkt. Nos. [3-2, 3-3]). The loan was secured by real property located at 2604 Canopy Lane, Marietta, Georgia 30066 ("the Property"). (Id.). Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was appointed as nominee for the originating lender, Popular, by virtue of the Security Deed. (Dkt. No. [3-3]). Plaintiff made her scheduled payments through January 2008. (Dkt. No. [1-1] at 46). In May 2008, Popular contacted Plaintiff and indicated its willingness to review the loan for settlement payoff. (Id.). On November 1, 2008, servicing rights in the loan were transferred to Defendant Litton Loan Servicing, LP ("Litton"). (Dkt. No. [2] at ¶ 15). Plaintiff was unable to reach a settlement agreement with Popular prior to transfer. (Id. at 48). Litton communicated with Plaintiff in February 2009 and offered a compromise settlement in the amount of $600,000. (Dkt. No. [2], Ex. H, at 46). Plaintiff does not plead that she tendered the $600,000, which was required for a settlement to be reached. (Id.).

2

On June 2, 2008, MERS, on behalf of Popular, assigned its interest in the loan to Defendant Bank of New York Mellon ("BNY"). (Dkt. No. [2], Ex. K, at 48). Stone subsequently defaulted on the loan, (Dkt. No. [2] at ¶ 47), and on February 2, 2010, the Property was foreclosed by BNY. (Dkt. No. [3-4]).

On November 15, 2010, Stone filed this action against BNY, JPMorgan Chase Bank, N.A. ("JPMorgan"), MERS, Prommis, Litton, and Popular (collectively, "Defendants") in the Superior Court of Cobb County, alleging fraud (count I), theft by deception/*cremin falsi* (count II), dishonor in commerce (count III), accounting and failure to disclose violations under the RESPA, the FDCPA, and TILA (count IV), violations of civil RICO (count V), conversion (count VI), and breach of contract and theft (count VII). (Dkt. No. [2] at ¶¶ 30–138). The Complaint [2] asks for the Court to "sign an order granting continuing temporary injunctive relief and//or [sic] a continuing Temporary Restraining Order against the defendants." (Id., Prayer for Relief, at 33). On January 13, 2011, BNY, JPMorgan, MERS, and Litton removed the case to federal court. (Dkt. No. [1] at 1). On January 20, 2011, BNY, JPMorgan, MERS, and Litton filed a Motion to Dismiss Plaintiff's Complaint [3], and Prommis later filed its own Motion to Dismiss Plaintiff's Complaint [5], which adopts the arguments set forth in the other Motion to Dismiss [3]. In February

2011, Plaintiff filed her Memorandum of Law in Support of Remanding Back to Superior Court of Cobb County [7] and a Request for Entry of Default Against Defendants Popular Financial Services, LLC and Popular Mortgage Servicing, Inc. [18].[1] Finally, on March 7, 2011, Plaintiff filed a Motion to Recuse [27].

**Discussion**

## I.      Motion to Recuse

In support of her Motion to Recuse [27], Plaintiff makes several arguments that the undersigned should recuse himself from the case. First, she says that the undersigned acted improperly by permitting Defendants to remove the case. (Dkt. No. [27] at 7–10). In support of this argument, she appears to argue that the case is not removable because it is "extricably intertwined with a State Court Appeal." (Id. at 14–25). Second, she alleges that Defendants have committed a fraud upon the Court by saying that Popular no longer exists. (Id. at 10–12). Third, Stone says that the "Court lacks jurisdiction and has acted in a manner inconsistent with due process of law" by permitting removal and granting Prommis an enlargement for time to respond without considering

---

[1]Popular has not appeared before the Court in this action. Although the Georgia Secretary of State's records reflect that Popular was previously registered to do business in Georgia, registration was terminated prior to Plaintiff's filing of this action. (Dkt. No. [17] at 12).

4

whether "Plaintiff had filed an Objection," which Stone believes to show that she does not have "an impartial and interested tribunal." (Id. at 12, 16–18). Fourth, she says the undersigned appears partial to Defendants. (Id. at 12–14). Finally, pursuant to 28 U.S.C. §§ 144 and 455, it appears that Stone thinks the undersigned suffers from "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts." (Id. at 18–19).

The propriety of recusal in a federal case is governed by two distinct statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455. Because Plaintiff identifies both statutes in her motion, the Court will evaluate the propriety of recusal under both provisions.

A.    28 U.S.C. § 144

Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It

5

> shall be accompanied by a certificate of counsel of record stating
> that it is made in good faith.

28 U.S.C. § 144.

If a litigant submits a sufficient affidavit and certificate and there are legally sufficient grounds for recusal, then recusal is mandatory; the presiding judge may take no further action in the litigant's case. See United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987) (discussing legislative changes to § 144 that made "the benefit of the doubt … resolved in favor of recusal"). The statute's requirements, however, are strictly enforced. See, e.g., United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) ("Because the statute 'is heavily weighed in favor of recusal,' its requirements are to be strictly construed to prevent abuse." (quoting United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985))). Moreover, while the Court must take as true all of the facts stated in the affidavit "even when the [C]ourt knows these allegations to be false," Alabama, 828 F.2d at 1540, the statements at issue must be such "that [they] would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). The alleged facts must be "material and stated with particularity" and "show that the bias is personal, as opposed to judicial, in nature." Alabama, 828 F.2d at 1540.

6

Here, when analyzed under § 144, Plaintiff's motion fails for several reasons. First, it lacks a certificate of counsel stating that it is submitted in good faith, as is required by 28 U.S.C. § 144. In light of the mandatory and automatic nature of recusal under the statute, its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of such a certificate has proven fatal to the § 144 motions of even pro se litigants. See, e.g., Williams v. N.Y.C. Hous. Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (dismissing a pro se plaintiff's motion for recusal because it lacked a certificate of counsel); Heimbecker v. 555 Assocs., No. 01-6140, 2003 WL 21652182, at *4 (E.D. Pa. Mar. 26, 2003) (finding a pro se party's motion for recusal to be insufficient because it was not accompanied by a certificate of counsel). These procedural deficiencies alone compel the Court to deny Plaintiff's motion.

Even looking beyond those procedural failings, however, it is plain that any § 144 challenge would prove unavailing. Plaintiff's allegations of personal bias and prejudice rest predominantly on her case's removal to federal court, perceived errors in the docket, and disagreement with the Court's adjudication of the case so far. (Dkt. No. [27] at 3–18). Plaintiff perceives the undersigned's

7

prior decisions adverse to her either as indicative of a personal bias towards her or personal favor towards Defendants. (<u>Id.</u> at 12–14, 16–18).

The undersigned harbors no personal animus towards Plaintiff, and prior decisions reflect no more than the undersigned's efforts to fairly and correctly apply the law to the case. In any event, even if the Court were to accept these allegations as true, allegations of this sort do not establish the type of bias necessary to sustain a § 144 motion. It is settled that prior adverse judicial rulings supply no independent basis for recusal. <u>See, e.g.</u>, <u>United States v. Merkt</u>, 794 F.2d 950, 960–61 (5th Cir. 1986) (concluding that prior judicial rulings in a prior case "offer no basis for recusal"); <u>Giladi v. Strauch</u>, No. 94 Civ. 3976(LAP), 1996 WL 18840, at *5 (S.D.N.Y. Jan. 18, 1996) (" '[R]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice.' " (quoting <u>United States v. IBM Corp.</u>, 475 F. Supp. 1372, 1381 (S.D.N.Y. 1979))).

In summary, Plaintiff's Motion for Recusal [27] pursuant to 28 U.S.C. § 144 is unavailing. It is procedurally deficient and fails to articulate a cognizable basis for recusal.

AO 72A
(Rev.8/82)

B.     28 U.S.C. § 455

Analyzed under 28 U.S.C. § 455, Plaintiff's Motion to Recuse [27] fares

no better. Section 455 requires recusal of a judge in a host of specific

circumstances that are not present here and "in any proceeding in which his

impartiality might reasonably be questioned." 28 U.S.C. § 455. Although § 455

"liberalize[d] greatly the scope of disqualification in federal courts," Murray v.

Scott, 253 F.3d 1308, 1310 (11th Cir. 2001) (alteration in original) (quoting

Alabama, 828 F.2d at 1541), and relieves litigants of the strict procedural

predicates mandated by § 144, it does not invite recusal whenever it is requested

by a party. Rather, recusal under subsection (a) is appropriate only where "an

objective, disinterested, lay observer fully informed of the facts underlying the

grounds on which recusal was sought would entertain a significant doubt about

the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir.

2003) (internal quotation mark omitted) (quoting Parker v. Connors Steel Co.,

855 F.2d 1510, 1524 (11th Cir. 1988)).

Importantly, unlike in the context of § 144, it is the facts, not the

movant's allegations, that control the propriety of recusal. See id. (explaining

the importance of actual facts in adjudicating a § 455 motion to recuse); United

States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality

9

AO 72A
(Rev.8/82)

must be supported by some factual basis … . Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.' " (quoting <u>In re United States</u>, 666 F.2d 690, 694 (1st Cir. 1981))); <u>Weatherhead v. Globe Int'l, Inc.</u>, 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true."). The rule is self-enforcing, and motions to recuse under § 455, while they may be referred to a judicial colleague for review, are typically decided by the presiding judge. <u>See</u> <u>United States v. Craig</u>, 853 F. Supp. 1413, 1414–15 (S.D. Fla. 1994) (noting that a judge has discretion either to refer a matter to another judge or to rule on a motion herself).

Analyzing Plaintiff's § 455 challenge under this standard, it is clear that her Motion to Recuse [27] must fail. Ultimately, Plaintiff's assertions about the appearance of partiality rest only on her perceived mistakes in the undersigned's adjudication, errors in the docket, and her cases's removal. (Dkt. No. [27] at 3–18). It is plain that, just as in the context of § 144, such contentions do not warrant recusal under § 455. <u>See, e.g.</u>, <u>Hepperle v. Johnston</u>, 590 F.2d 609, 614 (5th Cir. 1979) (holding that prior rulings of the district court cannot support recusal under § 455).

Simply stated, while the Court is mindful of the importance of avoiding even the appearance of partiality, it is of the view that no reasonable observer,

10

fully apprised of the facts, could question its impartiality in the instant action. The Court's decisions have necessarily flowed from the merits of each issue. This Court's prior decisions and rulings in this action neither evince nor suggest any extrajudicial bias. Accordingly, Plaintiff's Motion to Recuse [27] is **DENIED**.

## II.      Motion to Remand

In her Motion to Remand [7], Stone argues that "defendants failed to adhere to 28 U.S.C. § 1446(a)" and did not include "a copy of all process, pleadings, and orders served upon each defendant or defendants in such action" when Defendants removed the case. (Dkt. No. [7] at 4). In support of this motion, Plaintiff argues that the Rooker-Feldman Doctrine, Younger Abstention, and Federalism and Comity compel the Court to remand the case. (Id. at 4–7). Also, Stone says that Kelly Atkinson of Troutman Sanders, LLP—who represents four of the defendants—did not have standing to remove the case for all of the defendants because she does not represent all of them. (Id. at 7–8). Furthermore, according to Plaintiff, this case involves only Georgia law and is erroneously marked as a Truth in Leanding case on the Civil Cover Sheet of the Defendants' Notice Removal [1-2]. (Id. at 8). Finally, Stone raises several issues with the docket, including that Defendants did not include proofs of

service Plaintiff had filed in the court; Plaintiff has not filed a motion for a preliminary injunction or temporary restraining order; and Plaintiff was not notified when her case was reassigned from the Honorable Orinda D. Evans. For the reasons explained below, Plaintiff's arguments to remand the case fail.

As to the argument that Defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446(a) by not including returns on service, the statute imposes no such requirement. Section 1446(a) requires "only that the removing party file 'copies of all process, pleadings and orders *served upon* him or them in such action.' " Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985) (emphasis added) (quoting 28 U.S.C. § 1446(a)). Returns of service are not served upon a defendant. Tebbetts v. Blue Cross Blue Shield of Ala., No. 2:07-CV-925-MEF, 2008 WL 4080768, at *3 (M.D. Ala. Sept. 2, 2008). Therefore, Defendants' failure to file returns of service does not violate § 1446. Id. at *4.

Stone's assertion that Defendants who removed the case—BNY, JPMorgan, MERS, and Litton—do not have standing to remove the case for Popular and Prommis is also unavailing. To properly remove a case, "[t]he unanimity [rule] mandates that in cases involving multiple defendants, all defendants must consent to removal." Russell Corp. v. Am. Home Assurance

Co., 264 F.3d 1040, 1044 (11th Cir. 2001). Although "[a]ll of the defendants in the state court action must consent to the removal, and the notice of removal must be signed by all of the defendants, … other forms of manifested consent may be acceptable to the federal court." Demmons v. Fulton Cnty., No. 1:09-CV-2312-TWT-WEJ, 2010 WL 3418325, at *1 n.1 (N.D. Ga. Aug. 2, 2010) (quoting 14C Charles Alan Wright *et al.*, Federal Practice and Procedure § 3730 (4th ed. 2009)). For example, when a defendant files an answer or a motion to dismiss without having signed the notice of removal, "a sufficient basis exists for concluding" that the defendant consented to removal because "he is purposefully availing himself of [a] court's mechanisms." Harchelroad Motors, Inc. v. Universal Underwriters Ins. Co., No. 7:11CV5002, 2011 WL 2447093, at *5 (D. Neb. May 16, 2011); see also Demmons, 2010 WL 3418325, at *1 n.1 (finding a defendant's filing of an answer to constitute consent to removal). Therefore, although Prommis did not sign the Notice of Removal [1], its filing of its Motion to Dismiss Plaintiff's Complaint [5] is sufficient to constitute consent to removal.

Popular, however, has not appeared before any court in this case, let alone consented to removal. A removing defendant does not need to obtain the consent "of a defendant who has not yet been served with process" or "of a

formal or nominal defendant." <u>White v. Bombardier Corp.</u>, 313 F. Supp. 2d 1295, 1299–1300 (N.D. Fla. 2004). Because (1) the Court does not know whether Popular was properly served (as discussed below) and (2) Popular appears to be a nonexistent entity, which makes it a nominal defendant at best, Defendants did not need Popular's consent to remove the case.

As to Stone's argument that the Rooker-Feldman doctrine, Younger Abstention, and Federalism and Comity compel the Court to remand the case, the argument lacks merit. The Rooker-Feldman doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts. <u>Green v. Jefferson Cnty. Comm'n</u>, 563 F.3d 1243, 1249 (11th Cir. 2009). Therefore, district courts are precluded from reviewing final state court decisions. <u>Id.</u> The Supreme Court clarified the scope of the Rooker-Feldman doctrine and held that it is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). This Court is not acting in an appellate capacity in this matter; rather, this case was originally filed in state court and removed to federal court, so the Rooker-

Feldman doctrine does not apply. Furthermore, assuming that there was an ongoing state proceeding that implicated Younger Abstention and federalism concerns, that proceeding has ended, making adjudication of the present case proper. (Dkt. No. [31], Ex. A, at 10).

Stone's argument that the case does not involve federal law is also without merit. Stone pleads in her Complaint [2] that Defendants violated the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("the RESPA"), the Fair Debt Collection Practices Act ("the FDCPA"), and the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Dkt. No. [2] at ¶¶ 97–98, 112–16). Each of these acts are federal statutory law, and therefore determining whether violations of these laws occurred creates a federal question under 28 U.S.C. § 1331.

Finally, any arguments "based on the docket clerk's description of [a] filing [are] frivolous" because "ultimately the Court reviews the contents of a party's filing and makes its own determinations about the nature of the filing and the appropriate action to be taken." Hagner v. Seminole Cnty., No. 6:07-CV-1464-ORL-31UAM, 2007 WL 3407387, at *3 (M.D. Fla. Nov. 13, 2007).

AO 72A
(Rev.8/82)

For all the aforementioned reasons, Plaintiff's Motion to Remand [7] is **DENIED**.

## III.   Motion for Entry of Default

Stone requests that the Court enter a default against Popular "on the basis that the record in this case demonstrates that there has been a failure by Popular to plead or otherwise defend." (Dkt. No. [18] at 1–2). Although Plaintiff says that Popular was properly served on December 14, 2010, and that "[p]roof of service was filed [on] December 17, 2010," in Exhibit 1, the Court is unable to locate such proof of service in the record. Thus, as of now, the Court cannot enter default against Popular. Stone is **ORDERED** to produce proof of service within 30 days of the date of this Order. Absent such proof, the Court may not grant a default judgment against Popular. Therefore, the Court will reserve ruling on Plaintiff's Motion for Entry of Default [18].

## IV.   Motion to Dismiss

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements

16

of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937,
1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).
To withstand a motion to dismiss, "a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "
<u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A complaint is plausible on its face
when the plaintiff pleads factual content necessary for the court to draw the
reasonable inference that the defendant is liable for the conduct alleged. <u>Id.</u>
(citing <u>Twombly</u>, 550 U.S. at 556).

 At the motion to dismiss stage, "all well-pleaded facts are accepted as
true, and the reasonable inferences therefrom are construed in the light most
favorable to the plaintiff." <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273
n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set
forth in the complaint. <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260
(11th Cir. 2009) (citing <u>Iqbal</u>, 129 S. Ct. at 1949). "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements, do not
suffice." <u>Iqbal</u>, 129 S. Ct. at 1949. The Court does not need to "accept as true a
legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S.
265, 286 (1986).

B.   Count I: Fraud

Defendants make several arguments for why the Court should dismiss

Stone's claim for fraud. First, they say the claim should be dismissed under the

applicable four-year statute of limitations. (Dkt. No. [3] at 6–7). Second,

Defendants state that Stone's allegations concerning the origination of the loan

cannot be imputed to Defendants, none of whom were the originating lender.

(Id. at 6). Third, they say that "Plaintiff has failed to identify any false statement

made by Defendants, which Defendants knew to be false at the time made" and

that the Complaint [2] "is further deficient under the particularity requirement

of O.C.G.A. § 9-11-9(b) in that [Stone] does not identify the person making any

false representation, the date, time, or place of the representation, how the

representation was false, the basis for concluding that the person making the

representation knew they were false, etc."[2] (Id. at 7). Fourth, as to Stone's

allegations that Defendants ignored her requests for assistance and defrauded

her by proceeding with the foreclosure sale after postponing previous sales,

---

[2]Federal Rule of Civil Procedure 9(b) requires that fraud be plead with
particularity. See In re Coca-Cola Enters. Inc. Sec. Litig., 510 F. Supp. 2d 1187,
1195 (N.D. Ga. 2007) (noting that a complaint must plead "who, what, when,
where and how" in regard to a statement for a fraud claim to satisfy Federal
Rule of Civil Procedure 9(b) (quoting Garfield v. NDC Health Corp., 466 F.3d
1255, 1262 (11th Cir. 2006))).

Defendants argue that prior misrepresentations regarding refinancing cannot be imputed to Defendants and that no agreement related to real property can be enforced unless reduced to a writing executed by the party against whom enforcement is sought. (Id. at 8).

To the extent the claim is one for wrongful foreclosure, Defendants argue that it fails because Stone has failed to plead the requisite elements—such as a breach of a duty owed—and because Stone has not alleged Defendants violated any provision of Georgia statutes governing foreclosure. (Id. at 10–11). Also, they say Stone is not entitled to any equitable remedies against the foreclosure sale because she is unable to satisfy the amount due on the Security Deed and Note. (Id. at 11).

In her Response [8], Stone accuses Defendants of perjury and insists that her claim for fraud is properly plead. (Dkt. No. [8] at 12–18). As to the perjury allegations, Plaintiff disputes Defendants' assertions that she was several months behind in payments when the foreclosure sale occurred and that she has not made payments into the court registry. (Id. at 17).[3] She also argues that

---

[3]The Court finds this factual dispute to be irrelevant to the determination of whether Stone has properly set out a claim of fraud because, logically, Stone cannot reasonably rely on a fact that she disputes. See Perry v. Perry, 648 S.E.2d 193, 196 (Ga. Ct. App. 2007) (noting that a claimant must show her reasonable reliance on a representation that causes the claimant's proximate injury (quoting Brown v. Techdata

Defendants fraudulently concealed certain facts, which acted as a continuation of the fraud and makes her filing of the Complaint [2] satisfy the statute of limitations. (<u>Id.</u> at 14–15). Stone expressly objects to the Court construing Count I to be for wrongful foreclosure. (<u>Id.</u> at 12).

> To succeed on a claim for fraud:
>
> the plaintiff must show that the defendant made a false, material representation of an existing fact with knowledge that it was false or with reckless disregard as to whether it was true and that it was with the intent that it be acted upon by the plaintiff; and, further, that the plaintiff acted upon the misrepresentation in reasonable reliance of its truth in a manner reasonably foreseeable by the defendant and to the plaintiff's proximate injury.

<u>Perry v. Perry</u>, 648 S.E.2d 193, 196 (Ga. Ct. App. 2007) (quoting <u>Brown v. Techdata Corp.</u>, 234 S.E.2d 787, 790 (Ga. 1977)). Although claims of fraud generally have a four-year statute of limitations, the period of limitation may be tolled. <u>Anthony v. Am. Gen. Fin. Servs., Inc.</u>, 697 S.E.2d 166, 176 (Ga. 2010) (citing O.C.G.A. § 9-3-31). To establish fraudulent concealment and to toll the statute of limitations, Plaintiff must prove that: "(1) the defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the statute of limitation." <u>Daniel v. Amicalola</u>

---

<u>Corp.</u>, 234 S.E.2d 787, 790 (Ga. 1977))).

Electric Membership Corp., No. S11A0019, 2011 WL 2517326, at *6 (Ga. June 27, 2011). For such a claim, the period of limitations runs "only from the time of the plaintiff's discovery of the fraud." O.C.G.A. § 9-3-96. Therefore, the first issue is whether Stone's allegations of fraud constitute actual fraud. The Court finds that they do not.

At the center of the alleged fraud are "the numerous documents within real property records [that] have been falsified, forged, [or] manipulated" and the acts to pursue and cease foreclosure multiple times, all while assuring Stone that no sale was being pursued and preventing her from acting to protect the Property. (Dkt. No. [2] at ¶¶ 37, 44–46). Generally, fraud is not actionable when predicated upon either promises to perform some act in the future or a mere failure to perform promises made. J. Kinson Cook of Ga., Inc. v. Heery/Mitchell, 644 S.E.2d 440, 447 (Ga. Ct. App. 2007) (quoting Hamilton v. Advance Leasing & Rent-A-Car, Inc., 432 S.E.2d 559, 561 (Ga. Ct. App. 1993)). "Otherwise any breach of a contract would amount to fraud." Id. (quoting Hamilton, 432 S.E.2d at 561).

As to the promises not to foreclose, the Court finds the alleged statements not actionable because they were promises not to act in the future. See Infrasource, Inc. v. Hahn Yalena Corp., 613 S.E.2d 144, 148 (Ga. Ct. App.

21

2005) ("[A] false representation made by a defendant, to be actionable, must relate to an existing fact or a past event."). Furthermore, even if these statements constituted actual fraud, Stone fails to show how her reliance on the promises injured her. See Adams v. JPMorgan Chase Bank, No. 1:10-CV-04226-RWS, 2011 WL 2532925, at *3 (N.D. Ga. June 24, 2011) (reasoning that the mortgagor failed to show detrimental reliance on promises to reconsider a loan for refinancing because it did not change his existing obligations). Lastly, Plaintiff failed to plead the alleged fraud with particularity in regard to who assured her that foreclosure was not being pursued and what statements constituted such an assurance. See In re Coca-Cola Enters. Inc. Sec. Litig., 510 F. Supp. 2d 1187, 1195 (N.D. Ga. 2007) (noting that a complaint must plead "who, what, when, where and how" in regard to a statement for a fraud claim to satisfy Federal Rule of Civil Procedure 9(b) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006))).

As to the alleged forged documents, even if they were fraudulent, Stone's claim is barred by the applicable statute of limitations. Stone says that "every document in the County land records pertaining to Plaintiff's property, with the exception of one, that has been Notarized, has been done so in conflict with the law." (Dkt. No. [2] at ¶¶ 18–20). One document, the Security Deed, was

22

executed on December 17, 2004. (Dkt. No. [2], Ex. J, at 47). Because she could have discovered with due diligence the alleged defects in the documents before the statute of limitations ran in 2008, her claim for fraud in regard to these defects is time barred. Furthermore, Stone fails to explain or cite any authority for how the alleged defects—such as Stone including a middle initial in one of her signatures and not another—conflict with the law or amounts to fraud. (Dkt. No. [2] at ¶¶ 18–20). Therefore, Stone's claim for fraud is **DISMISSED**.

C.   Count II: Theft by Deception

Defendants argue that the Court should dismiss Stone's claim for theft by deception under O.C.G.A. § 16-8-3 because (1) that statute is a criminal statute that does not authorize a civil right of action and (2) even if a civil action was authorized, Defendants' acts were not such whereby liability should attach. (Dkt. No. [3] at 11–12).

In her Response [8], Stone quotes the definition of *crimen falsi* and argues that Defendants falsely alleged that she was in default at the time Litton obtained servicing rights. (Dkt. No. [8] 20–21).

O.C.G.A. § 16-8-3 proscribes the offense of theft by deception, which occurs "when [a person] obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." However,

"the violation of a criminal statute 'does not automatically give rise to a civil cause of action.' " <u>Am. Gen. Life and Accident Ins. Co. v. Ward</u>, 509 F. Supp. 2d 1324, 1330 (N.D. Ga. 2007) (quoting <u>Oswald v. Am. Nat'l Can Co.</u>, 392 S.E.2d 26, 27 (Ga. Ct. App. 1990)). For there to be civil liability under a criminal statute, the statute must evidence intent to create a private cause of action. <u>See id.</u> ("[W]here a criminal statute evidences no intent to create a private cause of action, civil liability 'must be determined under the applicable provisions of state tort law,' if any." (alteration in original omitted) (quoting <u>Rolleston v. Huie</u>, 400 S.E.2d 349, 351 (Ga. Ct. App. 1990))). Because O.C.G.A. § 16-8-3 does not "purport to create a private cause of action," Stone has failed to state a valid claim. Therefore, Stone's claim for theft by deception is **DISMISSED**.

  D.    <u>Count III: Dishonor in Commerce</u>

Defendants argue that the Court should dismiss Stone's claim for dishonor in commerce because (1) a creditor is not required to present the original note to a debtor to effectuate a valid foreclosure, (2) Georgia does not recognize a cause of action for dishonor in commerce, and (3) Stone's conclusory allegations that her tender offer was ignored does not give rise to any cause of action because she was in default on her loan. (Dkt. No. [3] at

12–14). In her Response [8], Stone argues that Defendants had no legal right to foreclose and that they should have made a greater effort to consider Stone's tender offer. (Dkt. No. [8] at 18–20).

Plaintiff has failed to cite any authority for the proposition that Georgia law furnishes a cause of action for dishonor in commerce. However, the Court construes Count III as attempting to set forth a claim for wrongful foreclosure. To assert a claim of wrongful foreclosure, Georgia law requires the plaintiff "to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). Furthermore, under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." Gordon v. S. Cent. Farm Credit, ACA, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994).

Stone's Promissory Note stipulates that "the Note Holder may require [Stone] to pay immediately the full amount of Principal which has not been paid and all the interest [she] owe[s] on that amount" if Stone is in default. (Dkt. No. [3-2] at 4). Furthermore, the Security Deed provides that Stone grants to "MERS … and the successors and assigns of MERS, with power of sale." (Dkt.

25

No. [3-3] at 4). Stone admits that she was in default. (Dkt. No. [2] at ¶ 3). Thus, as stipulated by the Note and Security Deed, Defendants had a right to pursue foreclosure. Plaintiff has failed to satisfy any element of a claim for wrongful foreclosure because she failed to plead that Defendants breached a valid legal duty owed to her. Therefore, Stone's claim for dishonor in commerce is **DISMISSED**, and to the extent that Stone attempts to state a claim for wrongful foreclosure, such a claim is also **DISMISSED**.

  E. <u>Count IV: Failure to Disclose</u>

   In their Motion to Dismiss [3], Defendants characterize Count IV as "an amalgamation of claims related to failures to disclose under the federal consumer protection acts, as well as an allegation that Defendants were not entitled to transfer or assign her note and/or servicing rights." (Dkt. No. [3] at 14). They then argue that the Court should dismiss the claims under TILA and the RESPA because they are barred by the applicable statutes of limitations. (<u>Id.</u> at 14, 16–17). As to Stone's TILA claim, Defendants also argue that the Court should dismiss it because they are not creditors with respect to the loan and Stone failed to identify a specific disclosure that was not made. (<u>Id.</u> at 15). Finally, Defendants say that the Court should dismiss Stone's claim under the FDCPA because they do not qualify as debt collectors and nonjudicial

foreclosure proceedings do not constitute "debt collection" under the FDCPA. (<u>Id.</u> at 15–16).

In her Response [8], Stone argues that Defendants are perpetrating fraud on the Court, that foreclosure was improper because it violated O.C.G.A. § 44-14-162(b), that chain of title is incomplete, and that the transfers failed to comply with the Pooling and Servicing Agreement. (Dkt. No. [8] at 21–25).

As to all the federal claims in Count IV, Plaintiff plead generally that the refusal to provide "copies of important documents" occurred "[e]ither before, during, and/or after the purported settlement." (Dkt. No. [2] at ¶ 98). To bring a claim under TILA, a claimant must bring an action within one year of when a violation occurs, which happens when a loan transaction is consummated. <u>Fobbs v. Sun Trust Mortg.</u>, No. 1:10-CV-2583-TWT-CCH, 2011 WL 1541278, at *3 (N.D. Ga. Mar. 29, 2011). Because the Security Deed was executed in 2004 and Stone did not bring her claim until 2010, her TILA claim is time barred. (Dkt. No. [2], Ex. J, at 47). Stone's TILA claim is **DISMISSED**.

Stone also argues that Defendants failed to make "preliminary … RESPA disclosures." (Dkt. No. [2] at ¶ 98). The Court construes Plaintiff's argument to be that Defendants failed to "disclose … at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any

other person at any time while the loan is outstanding." 12 U.S.C. § 2605. For

such a claim to succeed, it must be brought "within 3 years … from the date of

the occurrence of the violation." 12 U.S.C. § 2614. Stone executed her Note and

Security Deed in 2004, so the statute of limitations for the claim ran in 2007.

(Dkt. No. [2], Ex. J, at 47). Stone did not file her Complaint [2] until November

15, 2010. Therefore, Plaintiff's claim based on violations of RESPA is

**DISMISSED**.

As to Stone's claim under the FDCPA, it is unclear on what basis

Plaintiff brings her claim, as she only alleges generally that Defendants violated

the statute. (Dkt. No. [2] at ¶ 97). The FDCPA

> regulates the practices of "debt collectors," a term that is defined as
> excluding repossessors and other enforcers of security interests, 15
> U.S.C. § 1692a(6), except that a repossessor may not take or
> threaten to take nonjudicial action to dispossess a person of
> property if "there is no present right to possession of the property
> claimed as collateral through an enforceable security interest." [15
> U.S.C.] § 1692f(6)(A).

Nadalin v. Auto. Recovery Bureau, Inc., 169 F.3d 1084, 1085 (7th Cir. 1999).

In foreclosing on the Property, Defendant BNY has a present right

to possession of the Property, as that right was assigned to it by Popular on June

2, 2008. (Dkt. No. [2] at 48). Furthermore, Stone failed to allege that

Defendants are debt collectors subject to the FDCPA. Therefore, Plaintiff's claim based on violations of the FDCPA is **DISMISSED**.

F.    Count V: Civil RICO

Defendants argue that the Court should dismiss Stone's claim under the civil RICO statute because (1) it is barred by the applicable four-year statute of limitations and (2) Stone has failed to plead the requisite RICO elements. (Dkt. No. [3] at 17–18).

As to Defendants' arguments about this claim, Stone did not respond. However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (denying an argument on appeal because the lower court "indicate[d] that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context).

To succeed on a claim under RICO, Stone must prove each of the following four elements: (1) conduct (2) of an enterprise (3) through a pattern

(4) of racketeering activity. <u>Ledford v. Austin</u>, No. 1:09-CV-3237-RWS, 2011 WL 1808148, at *3 (N.D. Ga. May 11, 2011). "RICO defines racketeering activity as any act indictable under 18 U.S.C. §§ 1341 and 1343, the mail and wire fraud provisions, or 'any offense involving … fraud in the sale of securities.' " <u>Durham v. Bus. Mgmt. Assocs.</u>, 847 F.2d 1505, 1511 (11th Cir. 1988) (citing 18 U.S.C. § 1961). Plaintiff alleges that

> Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an "enterprise", [sic] with the aim and objective of the enterprise being to perpetrate a fraud upon the Plaintiff through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents.

(Dkt. No. [2] at ¶ 113). The Court finds this claim to lack the sufficient factual plausibility to satisfy Federal Rule of Civil Procedure 8(a). Indeed, numerous other "courts have concluded that general allegations of fraud and conspiracy … associated with the mortgage lending industry … are not viable claims [under RICO]." <u>Saunders v. Mortg. Elec. Registration Sys., Inc.</u>, No. 1:10-CV-3419-TWT-RGV, 2011 WL 1335824, at *11 (N.D. Ga. Mar. 11, 2011) (citing several cases in support). Therefore, Stone's claim under RICO is **DISMISSED**.

30

G.      Count VI: Conversion

Defendants say that Stone's claim for conversion "is premised on the notion that the foreclosure was in some respect wrongful." (Dkt. No. [3] at 18). They then argue that "Plaintiff has failed to plead the elements of wrongful foreclosure" and that Stone's claim for conversion cannot be maintained because she had no right to possess the Property after she defaulted on the loan. (Id. at 18–19). Stone failed to respond to Defendants' arguments to dismiss this claim.

To establish a claim for conversion, Stone must show: "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Trey Inman & Assocs. v. Bank of Am., 702 S.E.2d 711, 716 (Ga. Ct. App. 2010) (quoting Internal Med. Alliance, LLC v. Budell, 659 S.E.2d 668, 675 (Ga. Ct. App. 2008)). As already discussed, Defendants properly executed a nonjudicial foreclosure so that Stone now lacks a right to possess the Property. Therefore, Stone's claim for conversion is **DISMISSED**.            H.

Count VII: Breach of Contract and Theft

Defendants say that "Plaintiff's seventh count is largely unintellgible and seems to be a reiteration of the six prior counts." (Dkt. No. [3] at 19). They then

dismiss Plaintiff's contentions that the assignment of servicing rights and the

foreclosure were improper because both acts were permitted by the Security

Deed and no express contract provision was violated. (Id. at 19–20). Stone

failed to respond to Defendants' arguments to dismiss this count for breach of

contract and theft.

"The elements for a breach of contract claim in Georgia are the (1)

breach and the (2) resultant damages (3) to the party who has the right to

complain about the contract being broken." Duke Galish, LLC v. Manton, 707

S.E.2d 555, 559 (Ga. Ct. App. 2011). As already discussed, Defendants

complied with the Security Deed and Promissory Note in executing a

nonjudicial foreclosure and did not violate any contract. Therefore, Stone's

claim for breach of contract is **DISMISSED**. Also, to the extent Stone attempts

to state a claim for theft by taking under O.C.G.A. § 16-8-2, such a claim is

**DISMISSED** because, like the statute for theft by deception, the criminal

statute for theft by taking does not furnish a civil cause of action.

## V.    Motion for Preliminary Injunction or Temporary Restraining Order

In order to be entitled to a preliminary injunction, the moving party must

demonstrate: (1) a substantial likelihood of success on the merits; (2) a

substantial threat of irreparable injury if the injunction is not granted; (3) the

threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. <u>Four Seasons Hotels & Resorts v. Consorcio Barr</u>, 320 F.3d 1205, 1210 (11th Cir. 2003); <u>Del Monte Fresh Produce Co. v. Dole Food Co., Inc.</u>, 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." <u>United States v. Jefferson County</u>, 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting <u>Canal Auth. v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974)). The movant must carry the burden of persuasion as to all four requirements. <u>Id.</u> The standard for a preliminary injunction also applies to a request for a temporary restraining order. <u>Morgan Stanley BW, Inc. v. Frisby</u>, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

For the reasons already discussed in regard to Defendants' Motions to Dismiss [3, 5], Stone is unable to show a substantial likelihood on the merits for each count in the Complaint [2]. Therefore, Stone's Motion for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**.

AO 72A
(Rev.8/82)

## Conclusion

For the aforementioned reasons, Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**; Plaintiff's Motion to Remand [7] is **DENIED**; Plaintiff's Motion to Recuse [27] is **DENIED**; and Defendants' Motions to Dismiss Plaintiff's Complaint [3, 5] are **GRANTED**. As to Plaintiff's Request for Entry of Default against Defendants Popular Financial Services, LLC and Popular Mortgage Servicing, Inc. [18], the Court will decide the motion after 30 days, in which Stone must submit to the Court proof of service on Popular.

**SO ORDERED**, this   29th   day of August, 2011.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)