**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHRISTINE STONE,                 : | |
|                                  : | |
|     Plaintiff,                   : | |
|                                  : | |
| v.                               : | CIVIL ACTION NO. |
|                                  : | 1:11-CV-00081-RWS |
| THE BANK OF NEW YORK             : | |
| MELLON, N.A., f.k.a. THE         : | |
| BANK OF NEW YORK TRUST           : | |
| CO., N.A., et al.,               : | |
|                                  : | |
|     Defendants.                  : | |

**ORDER**

This case comes before the Court on Defendant Popular Mortgage Servicing, Inc. ("PMSI")'s Motion to Set Aside Default [42]. After reviewing the record, the Court **GRANTS** the Motion for the reasons that follow.

Plaintiff initiated this litigation by filing a Complaint in the Superior Court of Cobb County, Georgia, raising various federal claims against Defendants. On January 13, 2011, the case was removed to this Court. (Notice of Removal, Dkt. [1].) On February 24, 2011, Plaintiff moved for entry of default against PMSI on grounds that PMSI had failed to plead or otherwise defend against the suit. (Pl.'s Mot. for Entry of Default, Dkt. [18].) On July 29,

AO 72A
(Rev.8/82)

2011, the Court entered an Order reserving ruling on Plaintiff's Motion for Entry of Default until Plaintiff could file proof of service on PMSI. (Order, Dkt. [36] at 16.) The Court reasoned as follows:

> Although Plaintiff says that [PMSI] was properly served on December 14, 2010, and that 'proof of service was filed on December 17, 2010,' in Exhibit 1, the Court is unable to locate such proof of service in the record. Thus, as of now, the Court cannot enter default against [PMSI]. [Plaintiff] is [ordered] to produce proof of service within 30 days of the date of this Order. Absent such proof, the Court may not grant a default judgment against [PMSI].

(Id. at 16.)

On August 10, 2011, Plaintiff responded to the Court's Order by filing an affidavit of a process server, who testified to serving PMSI through the Secretary of State of Georgia, and an Acknowledgment of Receipt from the Secretary of State, acknowledging receipt of service for PMSI. (Dkt. [37] at 5-6.) On the basis of these documents, the Court granted Plaintiff's Motion for Entry of Default and directed the Clerk to enter default against PMSI. (Order, Dkt. [38] at 1.) PMSI now moves the Court to set aside the default under Federal Rule of Civil Procedure ("Rule") 55(c), arguing that although Plaintiff served the Secretary of State of Georgia with process, PMSI never received a

2

copy of the process documents, as is required to perfect service upon it under Georgia law.  (See generally Mem. in Supp. Def.'s Mot. to Set Aside Default ("Def.'s Mem."), Dkt. [42-1]; Aff. of Jennifer Rubin, Esq. in Supp. Def.'s Mot. to Set Aside Default ("Rubin Aff."), Dkt. [42-2].)  This, PMSI argues, constitutes good cause for setting aside the default.  (See generally Def.'s Mem., Dkt. [42-1].)  The Court considers this argument below.

## Discussion

Under Rule 55(c), the Court may set aside a default for "good cause." Fed. R. Civ. P. 55(c).  In determining whether "good cause" exists, courts focus on three factors: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997).  Courts have also considered "whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  "Underlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored

3

in federal court and trials on the merits are the preferred method for resolving disputes." Id.

In this case, PMSI argues that each of the factors set forth above favors setting aside the default against it.  First, PMSI argues that the default was not willful but, rather, resulted from the fact that PMSI was not properly served with process and therefore had no notice of the suit.  (Def..'s Mem., Dkt. [42-1] at 3.)  Second, PMSI argues that it acted promptly to vacate the default by immediately engaging counsel and filing the instant motion, and that it has a meritorious defense to Plaintiff's Complaint.  (Id. at 3-4.)  Finally, PMSI argues that Plaintiff will suffer no prejudice if the default is set aside, as the instant motion was filed shortly after the default was entered and as Plaintiff has not sought a default judgment.  (Id. at 4.)

Plaintiff opposes PMSI's Motion to Set Aside the Default solely on grounds that the default was willful or culpable.  (See generally Pl.'s Responsive Objections to Def.'s Mot. to Set Aside Default ("Pl.'s Resp."), Dkt. [45].)  Specifically, Plaintiff challenges PMSI's assertion that it never received a copy of the service documents.  (Id.)  Plaintiff does not respond to PMSI's arguments regarding the other factors set forth above–namely, whether setting

4

aside the default would prejudice Plaintiff; whether PMSI has a meritorious defense; and whether PMSI acted promptly to correct the default. (Id.) Accordingly, the only issue the Court must decide is whether PMSI's default was "culpable or willful."

As stated above, PMSI argues the default was not "culpable or willful" but rather resulted from the fact that PMSI was not properly served with process. PMSI explains that at the time the Complaint was filed, PMSI was a foreign corporation whose registration to do business in the state of Georgia had been withdrawn. (Def.'s Rebuttal Br. in Supp. Mot. to Set Aside Default ("Def.'s Reply"), Dkt. [47] at 3.) As a foreign corporation whose registration had been withdrawn, PMSI argues that service of process could only be perfected upon it by serving the Secretary of State of Georgia and by mailing a copy of process to the address specified in PMSI's Application of Withdrawal. (Id. at 3-4 (citing O.C.G.A. § 14-2-1520(b), (c)).[1]) PMSI contends that while

---

[1] O.C.G.A. § 14-2-1520 provides, in pertinent part, as follows:

(b)   A foreign corporation authorized to transact business in this state may apply for a certificate of withdrawal by delivering an application to the Secretary of State for filing. The application must set forth: . . . (3) That it revokes the authority of its registered agent to accept service on its behalf and appoints the

5

the Secretary of State of Georgia was served with process, PMSI never received a copy of the process documents and therefore should be excused for allowing the case to go into default.

Plaintiff does not dispute, but on the contrary, alleges, that PMSI is a foreign corporation whose registration to transact business in Georgia had been withdrawn at the time the Complaint was filed. (Compl., Dkt. [1-1] ¶ 7.) Nor does Plaintiff dispute PMSI's contention that service must be perfected on it by serving the Secretary of State of Georgia and by sending a copy of the process documents to the address listed on PMSI's Application of Withdrawal, as set out in O.C.G.A. § 14-2-1520(b) and (c). (<u>See generally</u> Pl.'s Resp., Dkt. [45].)

---

> Secretary of State as its agent for service of process . . .; [and] (4) A mailing address to which a copy of any process served on him under paragraph (3) of this subsection may be mailed under subsection (c) of this Code section . . . .
>
> (c)  After the withdrawal of the corporation is effective, service of process on the Secretary of State under this Code section is service on the foreign corporation. Any party that serves process upon the Secretary of State in accordance with this subsection *shall also mail a copy of the process to the chief executive officer, chief financial officer, the secretary of the foreign corporation, or a person holding a comparable position, at the mailing address set forth under subsection (b) of this Code section.*

O.C.G.A. § 14-2-1520(b), (c) (emphasis added).

Instead, Plaintiff's argument appears to be that PMSI properly was served in accordance with these provisions and therefore has no excuse for failing to respond to the Complaint. (See generally Pl.'s Resp., Dkt. [45].)

Specifically, Plaintiff contends that she "sent to the CEO [of PMSI], a Copy of Summons and Complaint via certified mail," and that she "presented the Original Certified Mail Receipt to the Court, when she supplied Proof of Service to this Court." (Id. at 5 & 2 n.1.) The latter assertion, however, is plainly incorrect. Although Plaintiff has produced evidence that the Secretary of State of Georgia was served with process on behalf of PMSI, Plaintiff has not put forward any evidence that she mailed PMSI a copy of the service documents, much less to the address specified in its Application of Withdrawal. Thus, there is no evidence that PMSI ever received a copy of the Summons and Complaint. In light of the affirmative evidence presented by PMSI that it never received a copy of the process documents (Rubin Aff., Dkt. [42-2]) and Plaintiff's failure to come forward with any evidence to the contrary, the Court must conclude that PMSI was not properly served with process and therefore has good cause for failing to respond to the Complaint. Accordingly, PMSI's Motion to Set Aside Default is due to be GRANTED.

7

## Conclusion

In accordance with the foregoing, Defendant Popular Mortgage Servicing Inc. ("PMSI")'s Motion to Set Aside Default [42] is **GRANTED**.

**SO ORDERED**, this  18th  day of June, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE